Grimke, J.
The allegation contained in the bill, that the verdict was contrary to both law and evidence, of course affords no ■support to the complainant’s case. That was a matter of which he was apprised in time to make a motion for a new trial in the court before whom the cause was tried. As regards the charge of misconduct on the part of the jury, the only evidence consists mf the depositions of two of the jurymen themselves. Now, if there is any rule which can be considered as completely settled, and which has been framed for the purpose of setting bounds to 481] the discretion of the court, *it is that testimony of this kind should not'be received. The rule is a most wholesome one, inasmuch as it is founded upon the wisest reasons of public policy. If an inquisition of this kind were tobe established over the conduct of the jury, there is no knowing where it would terminate. .It would produce a great deal more mischief than it could by *462 possibility prevent. It would degrade the jurors in their own estimation,'and in the estimation of the public, and they would soon lose that character of independence which gives value to the institution. The inquiry would not only be impossible in the great majority of instances, but it would work the deepest injury to the administration of justice. In those instances where the misconduct was the greatest, it would never be divulged, because those would be the very cases in which the jurors could not be prevailed upon to implicate themselves ; and to permit those of the jury who were not parties to the misconduct complained of, to impeach the behavior of their fellow jurors, would open the door to every species of insinuation, and would detract from that relation of confidence which should be - established among the members of the jury. The rule is a wise one which absolutely forbids the admission of such testimony.
I have treated the case so far upon the supposition that the evidence was intended to impeach the conduct of the jurors. But it may be said that it is the conduct of the constable which is chiefly implicated; and that is very true. His conduct was such as to merit severe punishment, but unless this conduct on his part led to misbehavior on the part of the jury, I do not see that any ground is laid for a new trial in a court of chancery, when the verdict must now be taken to have been in conformity with, and not contrary to the weight of-ovidence. It is a fit ease for punishing'the officer, but not for setting aside the verdict.
There is not in reality any evidence of misconduct on the part of the jury. They appear to have been highly indignant at the conduct of the constable, and to have so expressed themselves to him in a most determined manner in the jury room. This is the testimony of both Robert Hanna and Joseph *Lindley, the [463 two jurors who have been examined. The fear, if there is any; seems to be rather that his officious intermeddling should have operated in a contrary direction, and have been the reason why the jury were out upward of twelve hours. I do not see any sure ground on which the court could proceed, if it were to grant the prayer of this bill. The injunction must, therefore, be dismissed.
Bill dismissed.