WILLIAM A. HOLT v. THE TERRITORY OF OKLAHOMA.

MURDER —*Indictment for, Insufficiency of.* An indictment which charged the making of an assault upon the deceased with premeditated malice and intent to kill, and which charged the shooting, striking and penetrating and the mortally wounding of the deceased, all with the deliberate and premeditated malice of the defendant, is insufficient to sustain a conviction for murder. To be sufficient it must charge that the unlawful acts by which the homicide was perpetrated, and the killing itself, were all done with the premeditated design or intention to effect the death of the deceased.

*Error from the District Court of Kingfisher County.*

The defendant was indicted by the grand jury of Kingfisher county, charged with the murder of one William Fowler in that county on the 12th day of July, 1894, and on trial before the jury he was convicted and his punishment fixed by the jury at imprisonment at

hard labor for life. Judgment was rendered accordingly upon the verdict, from which judgment the defendant appeals. ·Reversed.

*A. J. Jones* and *D. K. Cunningham*, for plaintiff in error.

*C. A. Galbraith, Attorney General,* and *J. B. Moffett,* for the territory.

The opinion of the court was delivered by

BIERER, J.: The defendant claims that he was errone-ously convicted and sentenced for the commission of the crime of murder, and he alleges error in fifty-eight dif-ferent assignments; the most important question pre-sented, and the one which is always entitled to primary consideration, being as to the sufficiency of the indict-ment to sustain the conviction had and the judgment entered.

The indictment, which was returned to the district court of Kingfisher county on October 12, 1894, and on which the defendant was convicted and sentenced for murder, is as follows:

"In the District Court, Fifth Judicial District, sitting in and for Kingfisher County, Oklahoma Territory.

"Territory of Oklahoma v. William Holt.

"INDICTMENT FOR MURDER.

"Territory of Oklahoma, Kingfisher County, ss:

"In the district court, Fifth judicial district, sitting in and for Kingfisher county, Oklahoma Territory, in the October term, in the year of our Lord one thousand eight hundred and ninety-four.

"The grand jurors, being duly empanneled and sworn, in and for said county, in the name and by the authority

of the Territory of Oklahoma, upon their oaths do present and find:

"That William Holt, on the 12th day of July, A. D. 1894, in Kingfisher county, Oklahoma Territory, then and there being, did then and there in and upon one William Fowler, wilfully, unlawfully, purposely, feloniously and of his deliberate and premeditated malice, make and assault, with intent him, the said William Fowler, wilfully, unlawfully, purposely, feloniously and of his deliberate and premeditated malice, to kill and murder, and that the said William Holt, a certain shotgun then and there charged with gunpowder and leaden bullets, which the said shotgun he, the said William Holt, in his hands then and there had and held, then and there, wilfully, unlawfully, purposely and of his deliberate and premeditated malice did discharge and shoot off, to, at, against and upon the left side of the said William Fowler, and that the said William Holt, with the leaden bullets aforesaid, out of the shotgun aforesaid, then and there by force of the gunpowder aforesaid, by the said William Holt, discharged and shot off, as aforesaid, then and there wilfully, unlawfully, purposely, feloniously and of his deliberate and premeditated malice did strike, penetrate and wound, with the intent aforesaid, thereby then and there, giving to the said William Fowler, in and upon the left side of the body of him, the said William Fowler, then and there with the said bullets aforesaid, so as aforesaid discharged and shot out of the gun aforesaid, by the force of the gunpowder aforesaid, by the said William Holt, in and upon the left side of him, the said William Fowler, one mortal wound, of which mortal wound he, the said William Fowler, then and there died, and so the Grand Jurors aforesaid, upon their oaths aforesaid, do say that the said William Holt, him the said William Fowler, wilfully, unlawfully, purposely, feloniously and of his deliberate and premeditated malice, did kill and murder.

"Contrary to the statute in such case made and provided and against the peace and dignity of the Territory of Oklahoma."

It is claimed that this indictment is insufficient because it does not charge that the killing of the deceased by the defendant was done with a premeditated design to effect death.

The evidence shows that the case is one in which, if the defendant is guilty at all, he is guilty because he killed William Fowler with the unlawful design and purpose directed toward William Fowler alone, and not in the doing of any other unlawful act, excepting the killing of Fowler with the evil purpose directed towards Fowler.

If the defendant is guilty of murder under the facts of this case, it is because he committed it within the meaning of the definition of murder as contained in the first paragraph of § 2076 defining murder under our statutes, which is,

"Homicide is murder in the following cases:

"First.   When perpetrated without authority of law, and with a premeditated design to effect the death of the person killed, or of any other human being."

In the case of *Oliver P. Jewell v. The Territory*, (p. 53, this volume,) the opinion in which is delivered at the present session of the court, and which case is, and no doubt will remain, a precedent on this question, we have held that an indictment for murder in order to be sufficient in this class of cases, must charge that the unlawful killing must have been accompanied with a premeditated design on the part of the slayer to effect the death of the person killed, and that an indictment charging that the act was committed with malice aforethought is not sufficient.

"Malice aforethought" and "deliberate and premeditated malice," as the language is used in the Jewell case

by the first expression, and by the second in the case at bar, are substantially the same thing. So that, unless this indictment has some language expressive of a premeditated design to kill the person alleged to have been murdered, which is more expressive of that design than the terms "malice aforethought" and "deliberate and premeditated malice," following the decision in the Jewell case this indictment must be held insufficient.

Has this indictment any such language?

With reference to the charge that the defendant committed an assault upon the deceased, it will be observed that there is language expressive of the intent or the design to kill. It charges that the assault was made by William Holt "of his deliberate and premeditated malice" and "with the intent him the said William Fowler to *   *   *   kill and murder," and if this language was carried by any appropriately expressive terms throughout the indictment in charging the other acts committed, by which the crime of murder was sought to be stated, we would have no hesitancy in holding the indictment sufficient, for language that expresses premeditated intent to kill, sufficiently charges a premeditated design to effect death, for to kill one and to effect his death is the same thing.

With reference to the other acts charged to have been committed by the defendant, however, the design to kill is not connected.

The different acts charged in the indictment as having been committed by the defendant upon William Fowler are:

1.   The assault.

2.   The shooting with a shotgun charged with gunpowder and leaden bullets.

3.   The striking William Fowler by such leaden bullets so shot from the shotgun, and

4.   The mortally wounding William Fowler by the means stated, and from which mortal wounding William Fowler died.

And after these acts the grand jury sums up and concludes the charge which it desires to prefer against the defendant, Holt, by reason of the acts charged, by saying that

" William Holt, him the said William Fowler, wilfully, unlawfully, purposely, feloniously and of his deliberate malice, did kill and murder."

Thus it will be seen that the indictment nowhere contains any charge that any unlawful act was done by the defendant with the premeditated intent to kill William Fowler, excepting the act of the unlawful assault.   All of the other acts are charged to have been done with deliberate and premeditated malice toward William Fowler, and the grand jury sums up its charge by concluding that the murder was committed with deliberate and premeditated malice.

It is true the striking and wounding of William Fowler by William Holt were charged to have been done " wilfully, unlawfully, purposely, feloniously and of his deliberate and premeditated malice   *   *   and   *   *   with intent aforesaid," but it will be observed that there are two intents aforesaid, charged in the indictment, the one with reference to the assault, which is sufficiently charged to have been done with premeditated intent to kill, and the other with reference to the shooting, which is only charged to have been done wilfully, unlawfully, purposely and of his deliberate and premeditated malice, and if the language is construed in accordance with its order,

6—IV.

and it can be properly construed in no other way, the intent aforesaid must be held to relate to and refer to the last intent expressed, and that is charged to be the deliberate and premeditated malice of William Holt toward William Fowler.

The concluding portion of the indictment, too, shows that this was what the grand jury meant, for they charge that the killing and murdering was of the deliberate and premeditated malice of William Holt.

The indictment, stripped of its verbiage, simply charges that William Holt did, of his deliberate and premeditated malice, with intent to kill, assault William Fowler, and that he did unlawfully and of his deliberate and premeditated malice, shoot and strike and wound William Fowler, by which the grand jury concluded that the defendant did kill and murder William Fowler with his, William Holt's, deliberate and premeditated malice. We are unable to read this indictment to mean anything else, for any other meaning can not be drawn from the language of the charge, and this is insufficient to sustain a conviction of murder.

The conclusion we have reached as to the insufficiency of this indictment is fully borne out by the authorities touching upon the principle which governs the case.

Wharton, in his work on criminal pleading and practice, § 163, first subdivision, says:

"Where the intent is to be proved in order to indicate the character of the act, as when there is an attempt or assault to commit an offense, in which cases the intent must be averred; and must be attached to all the material allegations."

In *Commonwealth v. Boynton*, 12 Cushing, 499, the court lays down this rule of criminal pleading:

"It is a familiar rule of criminal pleading, that wherever the intention of a party is necessary to constitute an offense, such intent must be alleged in every material part of the description where it so constitutes it; thus, where a forged order was presented and money obtained thereby, and the indictment alleged that the defendant, with intent to cheat, knowingly pretended it to be genuine, but did not aver the obtaining money thereby to have been done knowingly, it was held bad."

In *Hagan v. State of Ohio*, 10 Ohio State, 459, it was held by the court that:

"Intent or purpose to kill is essential to constitute the crime of murder in the first or second degree, as defined by the statutes of Ohio; and this intent must be specifically and directly averred, as part of the description of the offense, in every indictment for either of these crimes.

"An averment that the accused 'purposely and of deliberate and premeditated malice,' 'did strike' the deceased, thereby inflicting a mortal wound, of which the deceased afterwards died, does not satisfy the requirements of the law; for though the accused may have purposely and maliciously struck the deceased, it does not follow that the stroke was given with a design to produce death."

The Iowa statute was under consideration in the *State v. McCormick*, 27 Iowa, 402, where the opinion was delivered by that able jurist, Chief Justice Dillon, and it was held that a wilful, deliberate and premeditated killing constituted murder, but the court decided that although the indictment charged that the assault was wilful, deliberate and premeditated, as it did not charge that the blow was dealt for the purpose or with the intent to kill, or that the killing was wilful, deliberate and premeditated, the indictment was bad.

The opinion of the learned chief justice contains the following language:

"The killing, then, to make murder in the first degree (and the kind of killing which was relied on below) is one which is wilful, deliberate and premediated.    *    * The indictment does indeed charge that the assault was. wilful, deliberate and premeditated; that the blow was dealt purposely, deliberately, with premeditation, *but it does not charge that it was thus dealt for the purpose or with the intent to kill, or that the killing, the taking of the life of the deceased, was wilful, deliberate* and premeditated.    It needs no argument to show that an assault may be wilful, deliberate and premeditated, without there being any intent whatever on the part of the assailant to kill or take the life of the person assaulted.    And it is just here that the indictment, considered as one charging murder in the first degree, is defective.    This appears. from the statute, which is, that 'the killing,' and not simply the assault, must be wilful, deliberate and premeditated in order to constitute murder in the first degree."

And this is exactly the fault with this indictment.    It charges an assault with premeditated intent to kill, which,. as we have said, is equivalent to charging premditated design to effect death, but it does not charge that the shooting was done, or that the striking, penetrating or mortally wounding, or the killing of William Fowler, was done or accomplished with this design or intent to effect his death or to kill him.

The indictment was undoubtedly sufficient as a charge of manslaughter, and it undoubtedly charged an assault. with the premeditated intent to kill, but it did not charge a killing, or a taking of life, with the premeditated intent to kill.

For aught the indictment charges the intent to kill entertained by the defendant towards the deceased ceased as soon as the assault was committed, and the assault was committed as soon as the defendant unlawfully and:

wilfully drew the loaded shotgun in a threatening manner upon the deceased, in near proximity to him, with an offer or attempt to do a corporeal hurt.

To make an assault with intent to kill complete it was entirely unnecessary that the deceased should have been shot or struck at all. The use of the weapon in this manner, although no striking and wounding were done, or any personal injury actually inflicted, would be an assault. Our statute, § 2140, defines an assault to be "any wilful and unlawful attempt or offer with force or violence, to do a corporeal hurt to another."

In Washington Territory the statute required that in order to constitute murder in the first degree the killing must be done purposely and of deliberate and premeditated malice, and in *Leonard v. Territory*, 7 Pacific, 872, the indictment which charged that the assault and the shooting and the penetrating and wounding of the deceased, Ambrose Patton, were all done with deliberate and premeditated malice, was held insufficient because it did not charge that the killing or mortally wounding was done with deliberate and premeditated malice. It was held in that case, with numerous citations of authorities in its support, and which included *State v. McCormick, supra*, that this defect was not cured by the summing up or concluding part of the indictment which did charge that the defendant did kill and murder the deceased of his deliberate and premeditated malice.

As the indictment was insufficient to sustain the conviction of murder, the judgment must be reversed and remanded for further proceedings in accordance with this opinion.

McAtee, J., having presided in the court below, not sitting; all the other Justices concurring.