STATE OF NEBRASKA V. HENRY F. DAILEY.

FILED JUNE 8, 1906. No. 14,613.

Penal Statute: CONSTRUCTION. The provisions of a penal statute will not be extended by construction so as to apply to persons not clearly within its terms.

ERROR to the district court for Douglas county: GEO. A. DAY, JUDGE. *Affirmed.*

*Norris Brown, Attorney General, W. W. Slabaugh* and *C. E. Foster,* for plaintiff in error.

*Gurley, Crawford & Woodrough, contra.*

LETTON, J.

Henry F. Dailey was charged, as agent of the owner, with refusing to erect and maintain certain fire escapes in the manner provided by law upon a certain building in the city of Omaha. He filed a special demurrer to the information. This demurrer was sustained by the district court and the defendant discharged. The county attorney excepted to this action, and brings the case to this court for review, alleging error on the part of the court below in sustaining the demurrer.

The information in substance charged that the defendant, being an agent of one Knox, the owner of the Winona building, having been duly notified by the deputy labor commissioner to erect and provide three single wrought iron or steel balcony stair fire escapes on the rear of said building, did unlawfully refuse to comply with such notice, and to place or cause to be placed on said building such fire escapes as provided by law. The defendant does not question the sufficiency of the statute as far as it purports to prescribe a rule of civil conduct for those in actual control of the kind of buildings mentioned in the act. The only question is as to the validity of that part of the act

which makes it a misdemeanor for the agent to fail to erect fire escapes after notice has been served upon him. The power given to the labor commissioner to serve a notice upon the "owner or owners, trustees, or lessees, their agents or the occupant of any building" is not a delegation of legislative power, as the defendant contends, but is merely a method prescribed for calling to the attention of the persons interested in the building the fact that the owners have failed to perform their legal duty. The power of supervision and inspection must be vested in some officer, and the labor commissioner has been clothed with it. The object of the notice is to allow grace to the persons interested before enforcement by prosecution. In contemplation of law, a building of the character described in the act, which is unprovided with proper and reasonable methods for the egress of its occupants in case of fire, is a nuisance, and the agencies which are customarily employed for the suppression and abatement of nuisances are proper to be used in such case. The police powers of the state are properly called into exercise for this purpose. These powers are not and need not be uniform in their operation or methods, the enforcement varying in method, and the penalty in character, as in the judgment of the legislature seems best adapted to accomplish the desired result; but the provisions of this act, at least so far as concern the agent, seem defective. That part of the act, the consideration of which is involved in this case, is as follows: "It shall be the duty of said commissioner of labor or his deputy to serve a written notice in behalf of the people of the state of Nebraska upon the owner or owners, trustees, or lessees, their agents or the occupant of any building within this state, not provided with fire escapes in accordance with the provisions of this act, commanding such owner, trustee, lessee or occupant, or either of them, to place or cause to be placed upon such building such fire escape or escapes as is provided for in section four (4) of this act, within thirty (30) days after the service of such notice." Comp. St. 1905, ch. 30, sec. 17

(Ann. St. 6361). And section 18: "Any such owner or owners, trustee, lessee or occupant or either of them, or their agents, so served with notice as aforesaid, who shall not, within sixty (60) days after the service of such notice upon him or them, place or cause to be placed such fire escape or escapes upon such building as required by this act and the terms of such notice, shall be subject to a fine of not less than twenty-five or more than two hundred dollars, and to a further fine of fifty dollars for each additional week of neglect to comply with such notice." The object of the law evidently is to compel the owner of the building to provide fire escapes. It is made the duty of the labor commissioner to serve a written notice upon the "owner or owners, trustees, or lessees, their agents, or the occupant" of the defective building. This notice, while it may be served upon the agent, commands "such owner, trustee, lessee or occupant, or either of them," to provide fire escapes within 30 days after the service of the notice. It will be observed that the notice does not command or require the *agent* to place the fire escape upon the building. By the next section it is provided that "any such owner or owners, trustee, lessee or occupant or either of them, or their agents, so served with notice as aforesaid," who shall not provide the fire escapes "as required by this act and the terms of such notice" shall be punished as therein provided. There is an evident inconsistency between these two sections. The notice required by the first section does not command the agent to furnish the fire escape, but by the second section the agent is to be punished for not erecting such a fire escape as is required by the terms of such notice. The intention of the legislature evidently was to permit the notice commanding the owner to provide the fire escapes to be served upon the agent, since he might be more readily accessible than the owner, but to require the owner to perform the duty of furnishing the fire escapes. In the case of *Arms v. Ayer*, 192 Ill. 601, the Illinois statute, of which the Nebraska statute is almost a verbatim copy, was considered by the

supreme court of Illinois as far as it provided for civil damages, and it was held that the reasonable intendment is that the owner or owners of the building shall perform the duty of furnishing the fire escapes.

It is argued by the state that the purpose of the act may be defeated by holding that the agent may not be held liable criminally for the default of his principal, but we must construe the law as we find it. The purpose of the act is a proper one, but whether its terms afford the most efficacious remedy for the evil which it is sought to right may be questioned. It might perhaps be competent for the legislature to provide that a building unequipped with fire escapes should be deemed a nuisance and that no persons should be permitted to occupy the same, whether as the owner, tenant, agent, or in any other capacity, until it had been placed in a condition of safety. Similar provisions have been adopted in other states to reach nonresident owners of defective buildings. Any reasonable means, not in conflict with the constitution, which the legislature may adopt to prevent such terrible calamities as have happened in the past from the failure of property owners to provide proper means of escape from fire, ought to receive the favorable consideration of the courts. We cannot, however, extend the provisions of a penal statute to persons to whom it is at least doubtful it was intended to apply.

The judgment of the district court is

AFFIRMED.