JAMES WALCHER v. THE TERRITORY OF OKLAHOMA

(Filed June 13, 1907.)

1. MURDER—Indictment—Language. An indictment for murder need not charge the offense in the language of the statute defining the crime; the use of words of equivalent meaning is sufficient. The averment that the homicidal act was done purposely; of one's deliberate and premeditated malice and with the intent to kill, is equivalent to the averment that it was done with a premeditated design to effect death, and will support a conviction for murder

2. APPEAL AND ERROR—Case Made—Requirements. In cases of conviction for murder, this court will disregard technical defects in the records and will afford the prisoner every right consistent with a due regard for the reasonable rules of practice and procedure, but the court cannot review alleged errors based upon a record which is neither a case made nor transcript.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before Clinton F. Irwin, Trial Judge.*

*J. C. Strang* and *Buckner & Son,* for plaintiff in error.

*J. C. Robberts* and *Dale & Bierer,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: The plaintiff in error was convicted of the crime of murder in the district court of Kingfisher county on November 3, 1902, and was by the judgment of that court sentenced to imprisonment for life at hard labor in the penitentiary. The plaintiff in error has attempted to appeal from said judgment, and after several efforts to complete a record the case was submitted for our determination. The record as now presented is incomplete, and it is doubtful if we have any jurisdiction to consider the case in any particular. But consenting to treat the record as a partial transcript, we have concluded that we may pass upon the one question of the sufficiency of the indictment to support the judgment, as raised by the motion in arrest of judgment which was presented, overruled and exception saved.

It is earnestly contended that the indictment does not contain a charge of murder, and that the court erred both in overruling the demurrer to the indictment and also the motion in arrest of judgment. It is claimed that the averments of the indictment bring it within the rule laid down by this court in the case of *Holt v. Territory,* 4 Okla. 70. The indictment in the case is as follows:

34—Vol 18

*"In. the District Court in and for Kingfisher County, and Territory of Oklahoma.*

"TERRITORY OF OKLAHOMA V. JAMES WALCHER

"INDICTMENT.

"We the grand jurors of the Territory of Oklahoma,. duly empaneled, sworn and charged, within and for the body of the county of Kingfisher and territory aforesaid, to inquire of offences committed therein at the May term, A. D. 1900 of the district court thereof, upon our oaths present and charge: That James Walcher on the 11th day of January, A. D. 1900, in the said county of Kingfisher and Territory of Oklahoma, in and upon one John F. Stone then and there being, unlawfully, purposely and feloniously and of his deliberate and premeditated malice, did make an assault with the intent him, the said John F. Stone, unlawfully, purposely and of a deliberate and premediated malice, to kill and murder, and that the said James Walcher a certain gun then and there charged with gun-powder and leaden bullets, which said gun he, the said James Walcher, in his hands then and there had and held, then and there unlawfully, purposely, and of his deliberate and premeditated malice and with the intent to kill, did discharge and shoot off to, at, against and upon the said John F. Stone, and that the said James Walcher, with the leaden bullets aforesaid, of the gun aforesaid, then and there by force of the gun-powder aforesaid, by the said James Walcher discharged and shot off, as aforesaid, then and there unlawfully, purposely, and of his deliberate and premeditated malice, did strike, penetrate and wound with the intent aforesaid, thereby, then and there giving to the said John F. Stone in and upon the right side of the face and head and body of him the said John F. Stone, then and there with the bullets aforesaid, so as aforesaid discharged and shot out of the gun aforesaid, by force of the gun-powder aforesaid by the said James Walcher, in and upon the right side of the face, head and body of him

the said John F. Stone, several mortal wounds of the depths of four inches and of the breadth of half an inch, of which said mortal wounds he the said John F. Stone instantly died, and so the grand jurors upon their oaths present and charge that the said James Walcher, him the said John F. Stone, unlawfully, purposely and of his deliberate and premeditated malice, did kill and murder. Contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the Territory of Oklahoma.

"W. W. Noffsinger,<br>"County Attorney."

Our statute, vol. 2, Wilson's, sec. 2167, defines murder as "Homicide when perpetrated *without authority* of law and with a *premeditated design to effect the death* of the *person killed,* or of any other human being." Homicide is the killing of one human being by another, and when the killing is perpetrated without authority of law and the homicidal act is performed with a premeditated design to effect the death of the person killed, the homicide is murder. The definition contained in our statute is plain and unambiguous and requires no extended or profuse use of technical language to describe the offense.

The charge contained in the indictment in this case contains about all the redundant and unnecessary verbiage that a skilled pleader is capable of incorporating into a charge without invalidating it. The facts necessary to be alleged are: First, that James Walcher shot and killed John F. Stone in Kingfisher county, Oklahoma: Second, that he shot him with a loaded gun: Third, that he discharged the gun at the deceased with a premeditated design to take his life. If these three material averments can be

gathered from the profuse and confused averments embraced in the indictment, then it sufficiently charges the crime of murder. If not, then the motion in arrest of judgment should have been sustained and it was fatal error to overrule it.

This court said in *Jewell v. Territory,* 4 Okla. 53, 43 Pac. 1075:

"The charge that the shot which caused the death of the deceased was fired 'feloniously, wilfully and with premeditated malice aforethought' is not equivalent to the allegation that the fatal shot was fired with a premeditated design to effect the death of the person killed.' "

In the same case it was further held that:

"The material element necessary to constitute murder under the first subdivision is the 'premeditated design to effect death' and must be alleged and proved as an independent fact, otherwise the killing is only manslaughter, unless it comes within one of the other definitions of murder as contained in the second and third subdivisions."

This doctrine was reaffirmed in the case of *Holt v. Territory,* 4 Okla. 76, 43 Pac. 1083.

It is a well established principle in criminal pleading that the language of the statute defining a crime need not be used in an indictment, but language equivalent in effect or conveying the same meaning is sufficient. By transposing into modern English and making an analysis of the averments constituting the charge embraced in the indictment under consideration, we obtain the following results: On the 11th day of January, 1900 in Kingfisher county, Oklahoma, James Walcher made an assault upon John F. Stone, unlawfully, purposely, feloniously, of his deliberate and premeditated malice, with the intent to kill

and murder him. That James Walcher then and there unlawfully, purposely and of his deliberate and premeditated malice and with the intent to kill John F. Stone did shoot off and discharge a certain gun loaded with gunpowder and leaden bullets at, against and upon the said John F. Stone, then and there giving to the said John F. Stone, with the intent aforesaid, several mortal wounds, of which mortal wounds he, the said John F. Stone, instantly died. From these averments it sufficiently appears that Walcher shot and killed Stone; that he fired the fatal shot *unlawfully,* purposely and of his deliberate and premeditated malice and with the intent to kill Stone. Is this language equivalent to *premeditated design to effect death?* To effect death means to take life, to kill or to deprive of life. Design as here used in the law, means intention, purpose, aim, to scheme or plan in the mind. Premeditated means to think about beforehand, to meditate upon previously, to deliberate upon, or contrive in advance. Hence, a *premeditated design to effect death* is a purpose or intention to take life, previously formed or thought upon before it is executed. We can perceive no substantial difference between an act performed under these conditions and one done purposely, of one's deliberate and premeditated malice and with the intent to kill.

The indictment charges that the homicidal act was perpetrated, accompanied by all the elements of purpose, intent and mind necessary to constitute the crime of murder. We think the charge, while subject to criticism for prolixity, charged the crime of murder in language equivalent to that used in our statute in defining the offense. There was no error in overruling the motion in arrest of judgment.

There are a number of other errors assigned and argued in the brief of plaintiff in error, but owing to the condition of the record we are not warranted in considering them. There are three separate packages of written or printed matter on file in this case; one purports to be a case made and is composed of some certified copies of records, recitals made by counsel and copies of other documents and proceedings, but the case has never been settled or signed, and hence it cannot be treated as a case made. It is attested by a certificate of the clerk, and we have treated such portions of it as appear to be copies of the original pleadings as a transcript. One of the other packages consists of copies of the journal entries of the proceedings had in the court during the pendency of the cause, and this is certified to by the clerk as a partial transcript. We have treated this as containing the motion in arrest of judgment and the ruling thereon and the final judgment of the court. The other package purports to be the testimony of one witness as transcribed from the shorthand notes of the official stenographer. This is not made a part of the record by case made or bill of exceptions and we cannot give it any consideration.

We are not able to review the instructions complained of or the refusal to give the ones requested, for the reason that the evidence is not in the record. In fact, we would have dismissed the cause for want of a sufficient record had it not been a case of murder, wherein no technicality would deprive the prisoner of any right the court has power to give.

We find no error in the record, and the judgment of the district court of Kingfisher county is affirmed, at the costs to the plaintiff in error.

Irwin, J., who presided in the court below, not sitting; Burwell J. not sitting; all the other justices concurring.