ALVIN JONES V. STATE OF NEBRASKA.

FILED DECEMBER 4, 1924.    No. 24099.

1. Criminal Law: INSTRUCTIONS. In a prosecution of a police officer for an alleged violation of section 9477, Comp. St. 1922, an instruction that tells the jury that the statute makes it the duty of police officers to "prosecute or file complaints against any person whom they know, or have reasonable grounds to believe, are violators of the law" in regard to the matters denounced in that section of the statute is incorrect, and, under the circumstances of this case, is prejudicially erroneous.

2. Indictment: SUFFICIENCY. Where an offense can be committed only in a certain municipal division, which is less than the county wherein the indictment is returned, the name or description of such division, and an allegation that the offense was committed therein, must be set out in the indictment.

3. Criminal Law: INSTRUCTIONS. The instructions given by the court covering count three of the indictment are discussed in the opinion and approved.

ERROR to the district court for Cass county: JOHN B. RAPER, JUDGE. Affirmed in part, and reversed in part.

A. L. Tidd, for plaintiff in error.

O. S. Spillman, Attorney General, and Lloyd Dort, contra.

Heard before MORRISSEY, C. J., LETTON, DEAN, GOOD and THOMPSON, JJ.

MORRISSEY, C. J.

Defendant prosecutes error from a conviction in the district court for Cass county on an indictment brought under section 9722, Comp. St. 1922, under the terms of which it

is made a misdemeanor for any of the officers enumerated in the section to "be guilty of any palpable omission of duty or who shall wilfully or corruptly be guilty of malfeasance or partiality in the discharge of his official duties." Defendant, at the date mentioned in the indictment, was the chief of police of the city of Plattsmouth and fell within the class of officers mentioned in the statute. The indictment contained three counts: The first count charged that defendant with knowledge "that one Julia Kaufman did unlawfully have in her possession intoxicating liquors in the city of Plattsmouth in the county of Cass, and state of Nebraska, he, the said Alvin Jones as said police officer did, then and there and at divers and sundry times subsequent thereto, unlawfully and in violation of his duty as said officer fail to apprehend, arrest, or bring to justice said Julia Kaufman, and is guilty of malfeasance in office." As to count 1 of the indictment, the court told the jury:

"The statutes of Nebraska make it unlawful for any person to have in his possession for the purpose of sale, or to sell or give away, any intoxicating liquor, and it is the duty of police officers to prosecute or file complaints against any person whom they know, or have reasonable grounds to believe, are violating the law in regard to such intoxicating liquors, and a wilful failure or neglect to so file complaints or to prosecute such offenders constitutes a malfeasance by such police officers."

Counsel for defendant earnestly contend that the quoted instruction is an incorrect statement of the law and seriously prejudiced defendant before the jury. The criticism is directed against that clause of the instruction wherein the court told the jury:

"It is the duty of police officers to prosecute or file complaints against any person whom they know, or have reasonable grounds to believe, are violating the law in regard to such intoxicating liquors."

The statute relied upon by the state (Comp St. 1922, sec. 9477) to support this instruction does not specifically mention the office of chief of police, the office held by defend-

ant, but it seems to be accepted without question that under the ordinances of the city of Plattsmouth, which are in evidence, defendant falls within the class of officers enumerated in that section and the statute should be applied to him the same as if he were a constable within the city. As a foundation for the instruction given, the statute may be considered as including the office of chief of police of the city of Plattsmouth and may be read as follows: It shall be the duty of the chief of police to apprehend, on view or warrant, and bring to justice all felons and disturbers and violators of the criminal law of this state, to suppress all riots, affrays and unlawful assemblies which may come to his knowledge, and, generally, to keep the peace for his proper city.

The statute does not provide that a peace officer shall "prosecute or file complaints," but it does provide that he shall "apprehend, on view or warrant, and bring to justice," etc. The instruction is, to say the least, not a correct quotation from the statute. Being incorrect, we are called upon to determine whether under the circumstances of this case it was prejudicial to defendant. The phrase "to file" has a well-recognized meaning in the law and its meaning is also, we believe, well understood by the average juror. In the sense in which it is employed in the instruction, when considered in connection with the evidence then before the jury, it could be taken only to mean that it was the official duty of defendant to actually make a complaint in writing against the parties violating the law. On the trial it was admitted that defendant had not filed a written complaint with any magistrate, and, therefore, when the jury were instructed that it was his duty so to do, the jury had no alternative other than to bring in a verdict of guilty. Had the jury been correctly informed as to the provisions of the statute, it might have reached the conclusion that, notwithstanding his failure to actually reduce his complaint to writing and to file that complaint with a proper magistrate, he had nevertheless endeavored in good faith to perform his duty and to enforce the law. The giving of

this instruction was prejudicially erroneous and the conviction of defendant under count 1 of the indictment cannot be sustained.

Count 2 of the indictment charged: "That said Alvin Jones, then and there being a police officer, to-wit, the chief of police of the city of Plattsmouth in the county of Cass and state of Nebraska, on the 10th day of July, 1922, did unlawfully become intoxicated and is thereby guilty of malfeasance in office," etc.

Counsel point out that under the language of this count of the indictment it is not alleged that defendant became intoxicated within the city of Plattsmouth or within the county of Cass, and suggests that if defendant's intoxication took place outside the city of Plattsmouth he could not be found guilty of a violation of section 9722, Comp. St. 1922, on which the prosecution is based, and, if the intoxication occurred without the county of Cass, defendant was not guilty of a violation of the statute within the jurisdiction of the court wherein he was tried.

In answer to this assignment, the attorney general suggests that the word "then" refers back to the time stated in the indictment, and the word "there" refers to the venue or place where the indictment is returned as indicated by the caption and other words of the indictment, to wit: "Cass county, Nebraska." It will be noted that the argument of counsel for the state goes only to the extent of indicating a basis for holding that count 2 may be held to charge defendant's intoxication to have been within the county of Cass. It does not indicate any basis on which the court may hold that defendant's alleged intoxication was within the city of Plattsmouth. The rule is well settled in this state that "An information or complaint must charge explicitly all that is essential to constitute the offense. It cannot be aided by intendment, nor by way of recital or inference, but must positively and explicitly state what the accused is called upon to answer." *Gaweka v. State,* 94 Neb. 53. In the authority last cited it is held that a complaint which charged a defendant with the offense

of resisting a municipal officer while he was trying to make an arrest without a warrant, but failed to allege that the offense was committed within the limits of the municipality of the officer, was fatally defective. In the instant case it must be borne in mind that by count 2 it was not intended to charge defendant with the violation of any statute denouncing the offense of intoxication. By this count he was charged with malfeasance in office. His jurisdiction was limited to a subdivision of the county and he was answerable for his official conduct only within that subdivision. "Where the offense is statutory, and can be committed only in a certain municipal division, which is less than the county within the jurisdiction of the court, the name or description of such division, and the fact that the offense was committed therein, must be set forth in the indictment." *Seifried v. Commonwealth,* 101 Pa. St. 200.

By count 3 of the indictment, defendant was charged with having and keeping in his possession in the city of Plattsmouth intoxicating liquors in violation of the statute dealing with possession of liquor. The evidence offered by the state was calculated to prove that the liquors so alleged to be unlawfully kept by defendant were by him kept in the place of business of one B. J. Halstead in the city of Plattsmouth. Halstead testified directly to that effect. By instruction No. 11, the court told the jury: "If the defendant kept or had intoxicating liquor in the place of business of B. J. Halstead, or in any other place in the city of Plattsmouth except the defendant's private dwelling, such keeping of said liquor constituted a violation of law." In instruction No. 14, the court told the jury that if defendant, while he was a policeman and at any time within 18 months prior to the bringing of the indictment, "had or kept intoxicating liquor at the place of business of B. J. Halstead in the city of Plattsmouth, or at other places outside of his private dwelling in said city, then the having or keeping by the defendant of said intoxicating liquors in such places constituted malfeasance in office." The instructions are claimed to be prejudicial as giving undue emphasis to the

testimony of the witness Halstead. Authorities are given to support this assignment. These authorities are all from foreign jurisdictions, and we are constrained to doubt that they are based upon a state of facts such as this record presents; in any event they are not conclusive of the question. The testimony upon which the state sought a conviction related only to the possession of liquor by defendant at the place of business of the witness Halstead. Had the instruction been, less specific, counsel probably would complain of its general character. Defendant was not prejudiced because the court narrowed the inquiry to the place which was definitely fixed by the evidence. There is no error in either instruction.

The judgments entered on counts one and two are reversed and the prosecution based in these counts is reversed.

The judgment entered on count three is affirmed.

AFFIRMED IN PART AND REVERSED IN PART.

Note—See Criminal Law, 16 C. J. sec 2480; 17 C. J. sec. 3688; Indictments and Informations, 31 C. J. sec. 203.