Note—See Religious Societies, 34 Cyc. 1159 n. 18, 1188 n.
67; 8 A. L. R. 105; 23 R. C. L. 454.

MICHEL KNOTHE V. STATE OF NEBRASKA

FILED DECEMBER 29, 1926.   No. 25583.

1. **Statutes: "BOOTLEGGING."** The term "bootlegging" has acquired,
as a matter of common knowledge, a definite import and em-
braces certain well-understood characteristics. The use of the
word "bootlegging" in the title of chapter 106, Laws 1925, in con-
nection with the words "providing penalties for first, second and
subsequent convictions for bootlegging," does not therefore ren-
der the amendment indefinite or uncertain in such degree as to
invalidate the act.

2. ———: CONSTITUTIONALITY. Chapter 106, Laws 1925, examined
and held to be an amendatory act evidencing a definite inten-
tion of the legislature, the provisions of which are consistent
with its title, and with the title and subject-matter of the orig-
inal law to which it applies, and therefore not enacted in contra-
vention of section 14, art. III of the Constitution.

3. **Criminal Law:** BOOTLEGGING ACT: CONSTRUCTION. Chapter
106, Laws 1925, construed, and *held* to provide penalties for
first, second and subsequent convictions for bootlegging, which
it defines, and to the punishment of which its penalties are
limited.

4. **Indictment and Information:** SUFFICIENCY. The rule in this
state is that, to charge a statutory offense, information or com-
plaint must contain a distinct allegation of each essential ele-
ment of the crime as defined by the law creating it, either in the
language of the statute or its equivalent.

5. ———: ———. The language of the information in the in-
stant case, "did then and there sell intoxicating liquor," does
not charge "bootlegging," nor an offense to which the penalties
of the amendment above referred to apply. It charges, how-
ever, an offense under section 3238, Comp. St. 1922, punishable
exclusively as provided by section 3288, Comp. St. 1922.

. 6. _____: _____. The words, "contrary to the form and provisions of chapter 106, Laws 1925," appearing in the instant complaint are, at most, an argumentative statement of the legal results of the facts previously stated, and this mere legal conclusion cannot cure any defects in the premises on which it assumes to be predicated.

7. **Criminal Law:** SENTENCE. In view of the terms of the instant complaint, and the trial court having no jurisdiction under section 3288, Comp. St. 1922, to impose a penalty of both fine and imprisonment, its attempt so to do is in excess of its powers and renders such sentence wholly void.

8. _____: _____. Under the facts in the record, it appears that the trial court on the remand of this case has ample powers to proceed to assess any of the penalties provided by section 3288, Comp. St. 1922.

ERROR to the district court for Merrick county: FREDERICK W. BUTTON, JUDGE. *Reversed, with directions.*

*Elmer E. Ross,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lee Basye, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

EBERLY, J.

The defendant, upon entry of a plea of guilty, was sentenced by the county court of Merrick county, Nebraska, to pay a fine of $100 on the first count of an information charging unlawful possession of intoxicating liquor,. and to pay a fine of $100 and be imprisoned in the county jail for 60 days upon the second count thereof, which information charged "that Michel Knothe, then and there being, * * * on or about the 15th day of April, 1926, did then and there unlawfully sell certain intoxicating liquor, contrary to the form and provisions of chapter 106, Laws 1925." The defendant prosecuted a proceeding in error to the district court from so much of the sentence as imposed both fine and imprisonment, under the second count above

quoted. From an adverse determination of the proceeding in the district court, defendant appeals.

The defendant first contends here that chapter 106, Laws 1925, entitled "An act to amend section 3239, Compiled Statutes of Nebraska for 1922, relating to intoxicating liquors; providing penalties for first, second and subsequent convictions for bootlegging; to repeal said original section; and to declare an emergency," is null and void for the reason that the enactment thereof was in contravention of section 14, art. III of the Constitution. This contention we cannot sustain.

In view of the original title under which chapter 33, Comp. St. 1922, was enacted, had the provisions now questioned appeared in that act at the time of its original adoption, it unquestionably would not have been subject to challenge because they are not embraced in the title of the act of which it would then form a part.

The title of chapter 106, Laws 1925, discloses that its purpose is (1) to amend section 3239, Comp. St. 1922, and in terms limit the penalties which its terms provide; (2) to provide penalties for first, second and subsequent convictions for bootlegging. The language of this section before it was amended appeared to be as follows: "Bootlegging. It shall be unlawful for any person to, in any manner, knowingly carry, transport or deliver any intoxicating liquor to or for any person to be kept, stored, sold, furnished, given, traded or otherwise disposed of in violation of law." These terms disclose that section 3239, Comp. St. 1922, was the "bootlegging section" of our liquor law at the time of its original passage by the legislative department of our government. True, it did not purport to punish "bootlegging" *eo nomine*. But under that term as a section or subtitle, certain acts, each so defined as to embrace the essential elements of bootlegging, as commonly understood, were enumerated and punished. The transaction thus punished was so described as to be wholly differentiated from section 3238, Comp. St. 1922, and all other proscribed acts of that general law. A fair construction

of the amendatory provisions of chapter 106, Laws 1925, discloses that both as to title and substance, properly construed, the amendment pertains wholly to the subject of "bootlegging" and applies to section 3239, Comp. St. 1922, only, and does not relate to, modify, or affect or qualify section 3238, Comp. St. 1922, or any other provisions of the liquor law. The title, therefore, of the amendatory act is sufficient; the effect of the amendatory act is restricted to the section amended, and is within the limits of its title. It follows, therefore, that the validity of the amended section 3239, Comp. St. 1922, must be sustained.

The second question presented is: Does the second count of the complaint, which we have heretofore quoted, charge an offense under section 3239, Comp. St. 1922, as now amended?

Prior to the adoption of chapter 106, Laws 1925, the proscribed acts before us, charged in the second count of the information in this case, were embraced in the language employed in section 3238, Comp. St. 1922, viz.: "It shall be unlawful for any person to * * * sell * * * any malt, spirituous, vinous and intoxicating liquors, except * * * only as hereinafter provided."

The crime thus defined, as a first offense, was punishable under section 3288, Comp. St. 1922, by a fine of $100 or imprisonment in the county jail not less than 30 days nor more than 60 days. Neither of the sections last referred to appear to have been, in terms, amended, and remain unchanged.

The county court adopted the view that the offense charged in the second count was embraced in the language of chapter 106, Laws 1925, the penalties of which rendered the imposition of both fine and imprisonment mandatory. The district court concurred in this conclusion. In this branch of the case, therefore, two questions are presented: (1) Does a charge that the defendant "did * * * unlawfully sell certain intoxicating liquor," standing alone, state an offense punishable under section 3238, Comp. St. 1922, or

punishable under section 3239, Comp. St. 1922, as amended by the act of 1925? (2) If this language quoted be insufficient to bring the charge within the provisions of the latter section, do the words "contrary to the form and provisions of chapter 106, Laws 1925," with which the complaint closed, supply the necessary elements of the crime and suffice so to do?

Prior to the adoption of the amendment of 1925 referred to, the "unlawful sale of intoxicating liquor" was described and embraced in section 3238, Comp. St. 1922, and the penalties therefor provided under section 3288, Comp. St. 1922, exclusively. Therefore, the answer to the queries propounded is to be found in the proper construction of chapter 106, Laws 1925.

Section 3239, Comp. St. 1922, as amended, is as follows: "Liquor, Sale, Transportation. Any person, who shall by himself, or through his agent, carry or transport, for the purpose of sale, sell, give away, trade, deliver or otherwise dispose of, any intoxicating liquor contrary to law, shall, for the first offense, be guilty of a misdemeanor, and be fined the sum of one hundred dollars ($100) and be imprisoned in the county jail not less than sixty (60) days, nor more than ninety (90) days; * * * provided, however, the carrying or transporting of more than one pint of intoxicating liquor shall be *prima facie* evidence that such liquor is being carried or transported for the purpose of sale."

The defendant presents the contention that neither in the amendment under consideration nor elsewhere in the statutes of this state is the term "bootlegging" defined; that the use of this word in the title of the act before us in connection with the words "providing penalties for first, second and subsequent convictions for bootlegging," renders the amendment indefinite and uncertain to such a degree as to invalidate the act. We are not of that opinion. The court takes judicial notice of the fact that the word "bootlegging" has acquired, as a matter of common knowledge, a definite import and is a term embracing certain

well-understood·characteristics.   Webster's Dictionary defines it as follows:   "To carry ·liquor about on the person and sell it in places where the sale of liquor is prohibited."

The supreme court of Kansas has defined bootlegging as follows: "Drawing upon our . judicial knowledge of that specimen of the *genus homo,* a bootlegger is a person who sells intoxicating liquors on·the sly, not from any particular business location, but carrying his wares in his bootleg, in his pockets, or keeping them in some flitting hole-in-the-wall of easy access to himself and provokingly hard of discovery to the officers of the law.   When such a person establishes himself in a definite place of business where by skilful legerdemain he can sell or pretend to sell the innocent juice of the apple as well as beer—both 'near' and 'far'—and other intoxicants, the niceties of the Kansas language designate him as a 'jointist,' and no longer in the mere plebeian class of 'bootlegger.' "   *Scriven v. City of Lebanon,* 99 Kan. 602, L. R. A. 1917C, 460.

We note also that our neighboring state of Iowa enacted a' "bootlegger" statute in the following terms:   "Any person who shall, by himself, or his employee, servant, or agent, for himself or any person, company, or corporation, keep or carry around on·his person * * * any intoxicating liquor as herein defined, with intent to sell or dispose of the same by gift or otherwise, * * * shall be termed a bootlegger."   Code of Iowa, 1924, sec. 1927.   See *Barr v. Neel,* 151 Ia. 458.

Section 3, ch. 187, Laws 1917, which appears as section 3239, Comp. St. 1922, at the time of its enactment, carried as part of itself as a section title the word "bootlegging." It cannot be gainsaid that, from the substantial agreement which appears between the language in the Nebraska statutes and all of the definitions heretofore referred to as to the essential elements which constitute bootlegging, it is patent that the term is one in common use and of definite import, and as constituting part of the title of the amendatory act is not subject to the charge of indefiniteness or uncertainty.   Therefore, accepting the· act as valid, what leg-

islative intent does it express? It must be conceded that legislative intent, properly expressed, is controlling. Certainly justice demands that the amendatory act be construed according to the plain import of the language in which it is written, for in that sense common people understand. So it is also true that "the provisions of a penal statute will not be extended by construction so as to apply to persons not clearly within its terms." *State v. Dailey,* 76 Neb. 770.

Our Constitution provides: "No bill shall contain more than one subject, and the same shall be clearly expressed in the title." Const., art. III, sec. 14.

The act must also be construed with reference to its title, for the words of the act will be restrained or qualified by it. Indeed, the title limits the sphere within which the enacting clause can operate. 1 Sutherland, Statutory Construction (2d ed.) sec. 135. So, too, "broad language should be confined to lawful objects. The subject or object expressed in the title fixes a limit to the scope of the act, and provisions not germane but foreign to such subject will be excluded as unconstitutional and void." 2 Sutherland, Statutory Construction (2d ed.) sec. 340.

However, within the limitations mentioned, attention must be given, if possible, to every word, clause and sentence of a statute, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another. 2 Sutherland, Statutory Construction (2d ed) sec. 380.

The language employed in the body of chapter 106, Laws 1925, it may be conceded, presents two possible constructions. The first, as applied to the second count of the complaint before us, would be proper if the words used were taken as the expression of the following: "Any person who shall * * * carry or transport, for the purpose of sale, * * * any intoxicating liquor contrary to law;" and second, if "any person * * * shall * * * sell * * * any intoxicating liquor contrary to law," he shall be subject to penalties in said amendment provided.

The learned district judge who determined the error proceedings set forth his opinion in writing. His interpretation of the effect of the amendment is, substantially as determined by this court, that a simple unlawful sale of intoxicating liquor is punishable as an offense defined in section 3238, Comp. St. 1922; that to charge an offense under section 3239, Comp. St. 1922, as amended, it is necessary to charge, in addition to a "simple sale," transportation or its equivalent; but that the addition of the words found in the complaint "contrary to the form and provisions of chapter 106, Laws 1925," charges the equivalent of transportation, and therefore brought the case within the amendment. The state in its brief here dissents from both of these conclusions. It concedes, however, that count 2 charges only the crime of unlawful sale of intoxicating liquor, but insists upon a construction of section 3239, Comp. St. 1922, as amended, at variance with the determination of this court made herein. On the matter of pleading, we are of the opinion that the district court erred and the state is correct. The language of the title to section 3239, Comp. St. 1922, restricts penalties to "convictions for bootlegging" only. And, as we have already determined "bootlegging" involves, as necessary elements, facts in addition to a simple sale. A simple sale is therefore not "bootlegging." It follows also the charge of a mere sale of intoxicating liquor would not be within the limitations prescribed by the title of the amendment, where penalties are limited as applicable to the crime of bootlegging only.

Then, too, the construction first suggested would violate the canon of construction that requires the language to be so construed, if possible, that no part of the law of which it forms a part be deemed inoperative, or superfluous, void, or insignificant, and so that one section will not destroy the other. The instant construction, contended for by the state, would effectually and wholly eliminate and void the words, "it shall be unlawful for any person to * * * sell," from section 3238, Comp. St. 1922.

The alternative construction is to accept the language of chapter 106, Laws 1925, as defining a single offense committed by any of several methods set forth. *Winkelmann v. State,* 114 Neb. 1. This theory supplies nothing by way of construction except the obviously omitted connective whose absence is indicated by commas, and whose effect and presence understood, the act, as an entirety, necessarily implies. Certainly, we do no violence to the language employed when we accept the connective "and"·as indicated by the peculiar punctuation of the act. Indeed, the ordinary rule of construction expressly permits not only the word "and" to be supplied by an omission, indicated by a comma, but goes further and permits the substitution of "and" for "or" · when the latter word is actually implied, and the sense of the language construed, as an entirety, indicates the former was intended. *People v. Rice,* 138 N. Y. 151.

Bearing in mind the restrictions contained in the title of the act before us, seeking to give each word therein its full and complete meaning, the whole legislative intent appears to be as follows: "Any person, who shall by himself, or through his agent, (1) "carry or transport for the purpose of sale;" (2) (carry or transport) (and) "sell;" (3) (carry or transport) (and) "give away;" (4) (carry or transport) (and) "trade;" (5) (carry or transport) (and) "deliver;" "or" (6) (carry or transport) (and) "otherwise dispose of" "any intoxicating liquor," shall be punished.

The rule in this state is that, to charge a statutory offense, information or complaint must contain a distinct allegation of each essential element of the crime as defined by the law creating it, either in the language of the statute or its equivalent. *Barton v. State,* 111 Neb. 673; *Newby v. State,* 75 Neb. 33; *Altis v. State,* 107 Neb. 540; *Gaweka v. State,* 94 Neb. 53.

Such indictment or information or complaint must charge explicitly all that is essential to constitute the offense. It cannot be aided by intendment, nor by way of recital, or inference, but must positively and explicitly state what the accused is called upon to answer. *Moline*

v. *State,* 67 Neb. 164; *Gaweka v. State, supra; Jones v.. State,* 112 Neb. 710.

The words "contrary to the form and provisions of chapter 106, Laws 1925," are nothing more than the formal conclusion of the complaint or indictment: Their omission would not invalidate if the pleadings were otherwise sufficient. Comp. St. 1922, sec. 10074.

Our Criminal Code was adopted from Ohio in 1873. In 1859 the supreme court of that state discussed a similar proposition and said: "The allegation purports to be, and is, nothing more than an argumentative statement of the legal result of the facts previously stated; and this mere legal conclusion cannot cure any defects in the premises on which it assumes to be predicated." *Hagan v. State,* 10 Ohio St. 459. The following cases in principle support the proposition just stated: *Biskind v. United States,* 281 Fed. 47; *Williams v. United States,* 168 U. S. 382; *United States v. Nixon,* 235 U. S. 231.

It therefore appearing that the charge contained in the complaint is the general crime of unlawful sale of intoxicating liquor, punishable by section 3288, Comp. St. 1922, the sentence complained of is excessive and void. However, all proceedings up to the sentence imposed are regular and valid. Nothing that defendant did or failed to do could validate any portion of the punishment adjudged, in view of the fact that the sentence imposed, considered as an entirety, was wholly unsupported by law.

It follows, therefore, that the situation is wholly unaffected by the payment of the fine, if such was done. A void sentence is no sentence. It remains for the trial court to inflict the punishment, by law provided, not for bootlegging as defined by section 3239, Comp. St. 1922, as amended, but for the unlawful sale of intoxicating liquor as defined in section 3238, Comp. St. 1922, viz.: A fine of $100, *or* that the defendant be imprisoned in the county jail not less than 30 days nor more than 60 days, and shall, in any event, pay the cost of prosecution. *McCormick v. State,* 71 Neb. 505.

The judgment of the district court is therefore reversed and the cause remanded, with directions to the district court to sustain the proceedings in error from the county court so far as sentence imposed by that court was concerned, and to remand the cause to the county court of Merrick county, with directions to impose a sentence in accordance with this opinion.

REVERSED.