Hart, J.,
 

 dissenting. The defendant is guilty of a most atrocious crime, but in my opinion he is not guilty of murder in the first degree, for which the death penalty has been imposed. For that reason, I must dissent from the judgment in this case.
 

 In Ohio, all crimes and degrees of crime are fixed and defined by statute and these statutes must be liberally construed in favor of an accused. In this, case the defendant was indicted under Section 12400,. General Code, for murder by means of poison while in the commission of rape, but under the statute even, where there is a killing by means of poison or in the-perpetration of rape there must -be a specific intent, not only to administer the poison and to perpetrate.
 
 *272
 
 the rape, but to kill the victim. It is not sufficient to prove that the defendant intentionally administered the poison.
 

 Section 12400, General Code, reads as follows:
 

 “Whoever, purposely, and either of deliberate and premeditated malice, or by means of poison, or in perpetrating or attempting to perpetrate rape, arson, robbery or burglary, kills another is guilty of murder in the first degree and shall be punished by death unless the jury trying the accused recommend mercy, in which case the punishment shall be imprisonment in the penitentiary during life.”
 

 As applied to the instant case the statute reads:
 

 “Whoever,
 
 purposely, (and
 
 *
 
 *
 
 * by means of poison, or in perpetrating * * * rape, * * *)
 
 hills another
 
 is guilty of murder in the first degree and shall be punished by death unless the jury trying the accused recommend mercy * * *.” (Italics and parentheses supplied.)
 

 In other words, the adverb, “purposely,” qualifies the verb, “kills,” and makes the intent to kill, not only where there is premeditation but where there is an administration of poison, or the perpetration of rape, an ingredient of the crime. The majority opinion indicates the view that intent and purpose to kill is an essential element of the crime charged, but that is not so declared in the syllabus.
 

 This court has held that “purposely” implies an act of the will, an intention, a design to do the act
 
 (Clark
 
 v.
 
 State,
 
 12 Ohio, 483, 40 Am. Dec., 481). Intent to kill, although not an essential element at common law, is in Ohio an essential element of murder in the first or second degree, except in cases arising under Section 12401, General Code (maliciously placing an obstruction upon a railroad, or displacing or injuring railroad equipment, with intent to endanger the passage of a locomotive or a car), or under Section 12402, General
 
 *273
 
 Code (convict or prisoner in custody of guard or officer, killing such guard or officer).
 
 Jones
 
 v.
 
 State,
 
 51 Ohio St., 331, 38 N. E., 79;
 
 Filmore
 
 v.
 
 Metropolitan Life Ins. Co.,
 
 82 Ohio St., 208, 92 N. E., 26, 137 Am. St. Rep., 778, 28 L. R. A. (N. S.), 675;
 
 Fouts
 
 v.
 
 State,
 
 8 Ohio St., 98;
 
 Kain
 
 v.
 
 State,
 
 8 Ohio St., 306;
 
 Nichols
 
 v.
 
 State,
 
 8 Ohio St., 435;
 
 Hagan
 
 v.
 
 State,
 
 10 Ohio St., 459;
 
 Munday
 
 v.
 
 State,
 
 5 C. C. (N. S.), 656, 16 C. D., 712, affirmed, 72 Ohio St., 614, 76 N. E., 1132.
 

 The leading case in Ohio construing the provisions of Section 12400, General Code, is
 
 Robbins
 
 v.
 
 State,
 
 8 Ohio St., 131, which holds that the word, “purposely,” used in the statute in question qualifies all that follows it and that the killing of another cannot be murder under such -statute unless it is done with intent to kill. In that case the defendant administered a drug to a pregnant woman with intent to procure an abortion but not with the intent to kill, although death resulted from the use of the drug. That case was followed in the case of
 
 Turk
 
 v.
 
 State,
 
 48 Ohio App., 489, 194 N. E., 425, affirmed, 129 Ohio St., 245, 194 N. E., 453, where it was held that in a prosecution for first degree murder in perpetrating arson, there must be shown a purpose and intent to kill before the crime of murder is complete.
 

 In my opinion, there is no evidence in the record in this case of an intent to kill, and, therefore, the conviction of murder in the first degree was erroneous. In the first place, there was no evidence of any motive to kill, and none was ever suggested. On the other hand, all the facts and circumstances disprove an intent to kill. Defendant’s only purpose and intent in administering chloroform, not a basic poison, was to anesthetize his victim so she would make no outcry or disturbance while he accomplished his purpose. True, in handling the chloroform, he was dealing with a poisonous drug, but he made no effort to administer
 
 *274
 
 it internally or in any manner purposely to injure his victim. From the medical testimony, it appears that the administration of the chloroform would probably not have produced any ill result, except for the fact that the victim had an unusual glandular condition which made the administration of any anesthetic especially dangerous to her. When defendant discovered the unfortunate result of his act he did not attempt to escape but awakened the members of the family, called the fire department emergency squad, applied artificial respiration and made every desperate effort within his power to save her life.
 

 The defendant should be convicted and punished for his crime, but in my opinion there is no evidence in the record showing an intent or purpose ,to kill, and, therefore, no evidence to warrant conviction for murder in the first degree.
 

 Matthias, J., concurs in the foregoing dissenting opinion.