DANIEL J. TRIMBLE ET AL. V. STATE OF NEBRASKA.

FILED APRIL 10, 1901. No. 11,836.

1. **Plea of Not Guilty: STANDING MUTE: MOTION TO QUASH: WAIVER.** A plea of "not guilty," whether made by the accused or entered by the court for him when on arraignment he stands mute, is a waiver of all defects in an information that can be reached by a motion to quash.

2. **"Prosecuting Attorney" in Statute Means County Attorney.** The words "prosecuting attorney" in sections 579 and 580, Code of Criminal Procedure, construed to mean county attorney.

3. **Information: MADE AND VERIFIED BY COUNTY ATTORNEY.** Informations for crimes must be by the county attorney of the proper county and be verified by his oath.

4. **Clerk of District Court May Take Verification.** The clerk of the district court may properly take verifications of informations.

Trimble v. State.

5. **Clerk:** JUDICIAL NOTICE. A court will take judicial notice of its clerk.

6. **Additional Witness:** INDORSEMENT ON INFORMATION. The name of an additional witness discovered after the filing of an informa- tion may be indorsed thereon before trial.

7. **Robbery:** TESTIMONY OF PROSECUTOR: NEGATIVES CONSENT. In a prosecution for robbery from the person it is not necessary to a conviction that the prosecuting witness testify in so many words that he did not consent to the taking of the property, if his whole testimony discloses his non-consent.

ERROR from the district court for Merrick county. Tried below before HOLLENBECK, J. *Affirmed.*

*W. T. Thompson* and *Jno. C. Martin,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown, Deputy, contra.*

NORVAL, C. J.

Daniel J. Trimble and George W. Wilson were con- victed of the crime of robbery from the person of one William Ferguson and sentenced to a term of imprison- ment in the penitentiary. The defendants, together with John Shea and William Hurley, were jointly charged in the information with the commission of the crime. Shea and Hurley were granted trials separate and apart from the other two. When Trimble and Wilson were arraigned, they stood mute, and refused to plead to the information. Thereupon the court entered for them a plea of not guilty. On the day of the trial they filed a motion to quash the information, which the court ordered stricken from the files, and this ruling is the first error of which complaint is here made.

This order of the court was clearly right. The motion to quash was filed without leave of court, while the plea of not guilty was upon the records. Section 444 of the Criminal Code declares that "the accused shall be taken to have waived all defects which may be excepted to by

a motion to quash, or a plea in abatement, by demurring to an indictment or pleading in bar, or the general issue," A plea of not guilty is a waiver of any defect in the information that can be reached by a motion to quash. It is, however, argued that said section 444 does not apply to this class of cases, since the defendants when arraigned on the information remained mute, and the court, under the Criminal Code, entered a plea of not guilty for each of them. Such action of the court was for the benefit of defendants, and they knew such a plea would be entered on the records for them, if they made no plea themselves, and when so entered it became their plea, which they could have withdrawn at any time, by leave of court, precisely the same as if they had made the plea in the first instance. We have no doubt that the provisions of the section quoted are applicable to this case. Moreover, the motion to quash was without substantial merit. It was based upon the following grounds: (1.) The information was not filed by, or verified by the oath of, the prosecuting attorney. (2.) The information was not sworn to before a magistrate or other judicial officer authorized to administer oaths.

The information in the case at bar was filed in the district court of Merrick county, by the county attorney of that county, and it was verified by his oath. It is true that section 579 of the Criminal Code provides that all informations shall be filed "by the prosecuting attorney of the proper county," and likewise that section 580 of the same Code requires all informations to be "verified by the oath of the prosecuting attorney." The words "prosecuting attorney" in said section mean county attorney. Compiled Statutes, ch. 7, sec. 26. The information was filed by and verified under the oath of the proper officer. *Dinsmore v. State*, 61 Nebr., 418.

The information before us was sworn to before the clerk of the district court, who has authority to take verifications of informations in criminal cases. *State v. Lawver*, 26 Nebr., 757; *Sharp v. State*, 61 Nebr., 187. The

jurat to the verification was signed "J. C. Jeffers, Clerk."
This was sufficient.  The court below took judicial notice
of its clerk.

After filing the information, and before trial, the
county attorney indorsed thereon the name of Elmer
Maurer, who testified on behalf of the state, over the ob-
jections of defendant.   By section 579 of the Criminal
Code the county attorney is required to indorse on the
information "the names of the witnesses known to him
at the time of filing the same, and at such time before the
trial of any case as the court may, by rule or otherwise,
prescribe, he shall indorse thereon the names of such
other witnesses as shall then be known to him."   In pur-
suance of this statute the district court of Merrick county
adopted the following rule, which was in force at the
time of the trial: "In criminal cases, pending upon in-
formation the prosecuting attorney may at any time be-
fore the trial thereof indorse on the information the
names of such witnesses as shall then for the first time
become known to him, upon his filing with the clerk of
the court his affidavit setting forth that the materiality
of such witnesses' testimony has just come to his knowl-
edge and that they were not known to him to be material
witnesses at the time of filing the information.   After
the trial has been commenced the prosecuting attorney,
in such cases, upon making a satisfactory showing to the
court that he was not before the trial commenced ap-
prised that the persons named were material witnesses
for the prosecution, and that this has just become known
to him before the trial, may by leave of the court indorse
the names of such witnesses upon the information."   In
accordance with this rule, the county attorney filed the
necessary affidavit to entitle him to indorse the name of
Maurer upon the information.   The attention of the at-
torneys for the defense was called to the affidavit by the
county attorney.   If defendants were taken by surprise
by the indorsement of said name, they should have asked
for a postponement of the trial.   This they did not do.

No prejudice was shown. *Stevens v. State*, 19 Nebr., 647; *Parks v. State*, 20 Nebr., 515; *Miller v. State*, 29 Nebr., 437.

The final contention is that the verdict is not sustained by sufficient evidence, for two reasons: First, it was not shown that the property was taken from the complaining witness without his consent; second, there was no sufficient identification of the defendants as participants in the commission of the crime. In a prosecution for larceny or burglary it must appear that the property was taken without the consent of the owner, and where he is a witness on the trial, it must be established by his testimony. It is not essential that the owner of the property should testify in so many words that he did not consent to the taking, but if his evidence as a whole reveals that no consent was obtained from him, and that the taking was wrongful and felonious, the requirements of the law are satisfied. *Rema v. State*, 52 Nebr., 375. In the present case, while the complaining witness did not state that the property was taken from his person without his consent, his testimony shows unequivocally that he did not consent, but that the property was taken from him at the muzzle of a gun. The evidence is ample to sustain the finding that the defendants were perpetrators of the crime.

AFFIRMED.