### WILLIAM L. NEWBY V. STATE OF NEBRASKA.

FILED NOVEMBER 22, 1905. No. 14,246.

Forgery: INFORMATION. To charge the crime of having possession of a forged, false and altered deed, with intent to utter and publish the same as true and genuine, with intent to damage or defraud, as defined in the last clause of section 145 of the criminal code, the words "knowing the same to be false," or their equivalent, must appear in the information; and where such words are wholly omitted the information will not sustain a conviction.

ERROR to the district court for Saline county: LESLIE G. HURD, JUDGE. *Reversed.*

*William L. Newby, John D. Milliken, W. G. Hastings* and *W. L. McGintie,* for plaintiff in error.

*Norris Brown, Attorney General, W. T. Thompson, B. V. Kohout* and *Joshua Palmer, contra.*

BARNES, J.

William L. Newby was convicted in the district court for Saline county of having in his possession a forged instrument, with intent to utter the same as genuine, for the purpose of defrauding one Joseph R. Jennings, and was sentenced to serve a term of two years in the state penitentiary. To reverse that sentence he brings the case here on error.

6

The information on which he was tried contained three counts charging him with three separate offenses for the violation of the provisions of section 145 of the criminal code, entitled "Forgery; Counterfeiting," etc. The first count of the information charged the accused with having forged a certain deed to lots 144 and 145 in R. S. Bentley's Addition to the town of Friend, Saline county, Nebraska, and alleged that the offense was committed at Coyle, in the territory of Oklahoma. But for the fact that it appeared that the act complained of was committed in a foreign jurisdiction, the facts stated therein were sufficient to sustain a conviction. The second count charged the accused with having the forged instrument described in the first count in his possession in Saline county, Nebraska, with intent to utter and publish the same, and thereby defraud the said Joseph R. Jennings. While the third count, which was sufficient in form and substance, charged him with having uttered and published the forged instrument above mentioned in Saline county, Nebraska, knowingly, and with the intent to defraud the said Jennings. It appears that the jury found him not guilty as to the first and third counts, but guilty of the crime attempted to be charged in the second count of the information, which reads as follows: "And the said B. V. Kohout, county attorney in and for said county and state, gives the court to further understand and be informed that said William L. Newby did, on the 18th day of February, 1904, in Saline county, Nebraska, aforesaid, unlawfully, feloniously and purposely have in his possession, with intent to utter and publish as true and genuine, the false and fraudulent deed, as aforesaid, with intent then and there and thereby to damage and defraud the said Joseph R. Jennings, aforesaid."

It appears that the accused, after verdict and before sentence, filed a motion in arrest of judgment, and alleged as one of the grounds of his motion that the second count of the information upon which he was convicted did not state facts sufficient to charge a crime against the

laws of the state of Nebraska, and he now assigns the overruling of the motion as one of his principal grounds of error. Section 145 of the criminal code on which the charges contained in the information were based, after defining the crimes of forgery, and of uttering and publishing a forged instrument, concludes as follows: "Or shall have in his possession with intent to utter and publish, as true and genuine, any of the above named false, altered, forged, counterfeited, falsely printed, or photographed matter, above specified and described, knowing the same to be false, altered, forged, counterfeited, falsely printed, or photographed, with intent to prejudice, damage, or defraud any person or persons, body-politic or corporate, every person so offending shall be imprisoned in the penitentiary for any space of time not exceeding twenty years, nor less than one year, and pay fine not exceeding five hundred dollars." Comparing the charge on which the accused was convicted with the language of the statute above quoted, it appears that the words "knowing the same to be false, altered (and) forged" are wholly omitted from the count in question. The rule is well settled that to charge a statutory offense the information must contain a distinct allegation of each essential element of the crime as defined by the law creating it. In charging a statutory offense it is always necessary, and generally sufficient, to charge it in the language of the statute, or its equivalent. While the precise words of the statute need not be used, it is necessary that words equivalent in meaning be employed. 1 Bishop, Criminal Procedure (4th ed.), sec 614; Maxwell, Criminal Procedure, 145; *Cuthbertson v. State*, 72 Neb. 727. That knowledge of the forgery was requisite to constitute the crime of which the accused was convicted, there can be no doubt. The attorney general in his argument concedes this, but claims that the charge of knowledge is comprehended by the words "unlawfully, feloniously and purposely." We cannot give our assent to this proposition. Those words import only criminal intent, which is a necessary part of every

felony or other crime. It was said in *People v. Mooney,* 127 Cal. 339, 59 Pac. 761:

"The words 'wilfully, unlawfully, feloniously and maliciously' were properly used in the information, but they are not sufficient. Such words import only that criminal intent which is a necessary part of every felony or other crime, but they do not necessarily include the specific purpose to destroy the building, which is an element of the crime of arson. Whether the indictment is on a statute or at the common law, it is a rule, universal and without exception, that every intent, like everything else which the law has made an element of the offense, must be alleged; for otherwise no *prima facie* case appears.'"

In *People v. Nelson,* 58 Cal. 104, which was a burglary case, it was held that an information charging that the intent of the defendant in entering the building was to commit the crime of felony, without stating what particular felony, does not state the offense of burglary.

In *Matthews v. State,* 4 Ohio St. 359, the word "feloniously" was held not to supply the place of a direct charge of an intent to rob, which was specified in the statute describing the crime. So we are of opinion that the second count of the information was not sufficient to charge the crime of which the accused was convicted, and the district court erred in not sustaining his motion in arrest of judgment.

Having reached this conclusion, we are relieved of the necessity of deciding the other questions presented by the record. The accused having been found not guilty on the counts of the information which were sufficient to charge him with the commission of the crimes described therein, and the count on which he was convicted not stating facts sufficient to charge him with the commission of any crime against the laws of this state, nothing remains but to reverse the judgment.

Therefore, the judgment of the district court is reversed and the cause is remanded.

REVERSED.