ELVIN L. NELSON, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

94 N. W. 2d 1

Filed January 9, 1959. No. 34456.

*Thomas J. Sheehan, Jr.,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *John E. Wenstrand,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

Simmons, C. J.

This appeal presents the questions of the legal sufficiency of an information purporting to charge the uttering of a forged instrument under the provisions of section 28-601, R. R. S. 1943, and whether that question may be raised in this court for the first time on appeal.

We herein refer to the plaintiff in error as defendant, and to the defendant in error as the State.

The information charged that defendant "did, with the intent to defraud, utter, or publish as true and genuine, a false, forged, and counterfeited check for the payment of money, which bank check was of the following tenor, to wit: (instrument copied) * * * contrary to the form of the Statutes * * *."

The statute provides that whoever shall "utter or publish as true and genuine * * * knowing the same to be false, altered, forged, * * *."

The attack on the information is based on the failure to allege the element of "knowing the same to be * * * forged."

The defendant was tried, found guilty "of the crime of forgery," and sentenced to a term of 5 years in the penitentiary.

Defendant presents here a number of assignments of error. We find it necessary to determine only the two questions above stated.

We reverse the judgment of the trial court and remand the cause.

The State, calling our attention to Newby v. State, 75 Neb. 33, 105 N. W. 1099, and Barton v. State, 111 Neb. 673, 197 N. W. 423, advises that the information "may be defective."

In Newby v. State, *supra,* the defendant was found guilty of having in his possession a forged instrument with intent to utter and publish, etc. The words "knowing the same to be false" were not contained in the information.

We held that: "The rule is well settled that to charge

a statutory offense the information must contain a distinct allegation of each essential element of the crime as defined by the law creating it. In charging a statutory offense it is always necessary, and generally sufficient, to charge it in the language of the statute, or its equivalent. While the precise words of the statute need not be used, it is necessary that words equivalent in meaning be employed." We held that the information was not sufficient to charge the crime of which the defendant was convicted, and reversed the judgment and remanded the cause.

In Barton v. State, *supra,* the defendant was found guilty of a violation of the statute here involved by having the unlawful possession of a forged instrument. The information did not allege that the possession was "with an intent to utter and publish the same as true and genuine." We held: "The material elements of the offense of the unlawful possession of a forged instrument under the foregoing section are: (1) Possession, with intent to utter and publish as true and genuine, of the forged instrument, (2) knowing the same to be false, forged or counterfeited, (3) with intent to prejudice, damage or defraud any person or persons, body politic or corporate. * * * To charge a statutory offense the information must contain a distinct allegation of each essential element of the crime as defined by the law creating it, either in the language of the statute or its equivalent." We reversed the judgment and remanded the cause.

The State calls our attention also to Rownd v. State, 93 Neb. 427, 140 N. W. 790, where we held: "Many authorities are cited in support of this contention, and it may be conceded that to charge the crime of uttering and publishing a forged check, as defined in section 145 of the criminal code, the words, 'knowing the same to be false,' or their equivalent, must appear in the information, and where such words are wholly omitted from the information it will not sustain a conviction."

The State also calls our attention to Dutiel v. State, 135 Neb. 811, 284 N. W. 321, wherein we held that a demurrer to the complaint should have been sustained and that: "Section 11, art. I of the Constitution of Nebraska, provides: 'In all criminal prosecutions the accused shall have the right * * * to demand the nature and cause of accusation.'

"To charge a statutory offense, the information or complaint must contain a distinct allegation of each essential element of the crime as defined by the law creating it, either in the language of the statute or its equivalent. (Citing cases.)

"These decisions are based upon the constitutional provision above quoted."

Defendant relies on our holding in Fredericksen v. Dickson, 148 Neb. 739, 29 N. W. 2d 334, where we held that: "To charge a statutory offense, the information or complaint must contain a distinct allegation of each essential element of the crime as defined by the law creating it, either in the language of the statute or its equivalent."

The information in this case is fatally defective in that it did not state an essential element of the statutory offense upon which it is based.

As to the question of waiver the State calls attention to State ex rel. Gossett v. O'Grady, 137 Neb. 824, 291 N. W. 497, wherein we held: "It is a general rule that, where an objection is not made at the time prescribed by law, the objection is waived. * * * A plea of guilty waives any defect not jurisdictional, and which may be taken advantage of by motion to quash or by plea in abatement." We there held that the error in the information was not jurisdictional where collaterally attacked and had been waived.

The State also relies on our holding in Hunt v. State, 143 Neb. 871, 11 N. W. 2d 533, where we held that: "The general rule is that a defect in the manner of charging an offense is waived if, upon being arraigned,

the defendant pleads to the general issue, provided the information contains no jurisdictional defect and is sufficient to charge an offense under the law. * * * The governing principle is that an information is fatally defective only if its allegations can be true and still not charge a crime. * * * An information questioned for the first time on appeal must be held sufficient unless so defective that by no construction can it be said to charge the offense for which accused was convicted."

The State relies on a quote in the opinion in Hunt v. State, *supra,* from 24 C. J. S., Criminal Law, section 1671, page 275, wherein it is said that when an information is fatally insufficient, the objection may be raised for the first time on appeal "in the absence of a statute to the contrary."

The State contends, correctly, that this question is raised for the first time in this court.

The State then contends that there is "a statute to the contrary."

The statutes relied on by the State are: "A motion to quash may be made in all cases when there is a defect apparent upon the face of the record, including defects in the form of the indictment or in the manner in which an offense is charged." § 29-1808, R. R. S. 1943.

"The accused may demur when the facts stated in the indictment do not constitute an offense punishable by the laws of this state, or when the intent is not alleged, when proof of it is necessary to make out the offense charged." § 29-1810, R. R. S. 1943.

"The accused shall be taken to have waived all defects which may be excepted to by a motion to quash, or a plea in abatement, by demurring to an indictment or pleading in bar or the general issue." § 29-1812, R. R. S. 1943.

The State then contends that section 29-1812, R. R. S. 1943, "provides that the accused shall be taken to have waived all defects which may be excepted to by a motion to quash or demurrer."

The State misreads the statute. Section 29-1808, R. R. S. 1943, relates to "a defect * * * upon the face of the record, including defects in the form of the indictment or in the manner in which an offense is charged."

Section 29-1810, R. R. S. 1943, provides for a demurrer "when the facts stated * * * do not constitute an offense punishable by the laws of this state * * *."

To what does the waiver provision apply? Section 29-1812, R. R. S. 1943, provides that an accused "by demurring" shall be taken to have waived "all defects that may be excepted to by a motion to quash." The statute does not provide that a failure to demur waives defects that may be excepted to by a demurrer.

The distinction between the function of a motion to quash and a demurrer are shown in our opinions. We held in Trimble v. State, 61 Neb. 604, 85 N. W. 844, that: "A plea of 'not guilty' * * * is a waiver of all defects in an information that can be reached by a motion to quash." This case has been cited with approval in Huette v. State, 87 Neb. 798, 128 N. W. 519; Green v. State, 116 Neb. 635, 218 N. W. 432; Matters v. State, 120 Neb. 404, 232 N. W. 781; and State ex rel. Gossett v. O'Grady, supra. See, also, Wiese v. State, 138 Neb. 685, 294 N. W. 482. These cases all show that the waiver goes to those matters which may be raised by a motion to quash.

In Barton v. State, supra, defendant filed a motion to quash and a demurrer, contending that the information was fatally defective. On appeal here we pointed out that both a motion to quash and a demurrer were filed raising the question. We held that: "The demurrer should have been sustained."

The defendant by failing to demur and by pleading not guilty did not waive the fatal defect of the information.

We have held that a question of a fatal defect in an information may be raised on motion in arrest of judgment which would be contrary to the State's contention

that a plea to the general issue waived defects which may be excepted to by demurrer.

In Smith v. State, 68 Neb. 204, 94 N. W. 106, the defendant pleaded not guilty to an information. During the trial he changed his plea to guilty to the charge and moved in arrest of judgment that the charge did not state a crime. The motion was overruled. We held that a plea of guilty to the act charged was not a plea of guilty to the statutory crime, and that "by a motion in arrest of judgment the defendant properly challenged the authority and jurisdiction of the court to pronounce sentence of imprisonment in the penitentiary against him as if he were guilty of the commission of such crime."

In Newby v. State, *supra,* the accused, after verdict and before sentence, filed a motion in arrest of judgment on the ground that the information upon which he was convicted did not state facts sufficient to charge a crime. We sustained the contention and held that the trial court erred in not sustaining the motion in arrest of judgment.

Likewise in Altis v. State, 107 Neb. 540, 186 N. W. 524, the defendant was convicted and by motion in arrest of judgment claimed that the information did not charge a crime. We held that the motion should have been sustained.

In 27 Am. Jur., Indictments and Informations, section 187, page 731, it is stated: "It is the general rule that defects or omissions in the indictment or in the mode of finding the indictment, which are of such a fundamental character as to make the indictment wholly invalid, are not subject to waiver by the accused. * * * But it is equally the general rule that defects and omissions which run only to the form in which the various elements of the offense are stated, or to the fact that the pleading is inartificially drawn, are waived by not objecting thereto in some appropriate manner in the preliminary stages of the proceeding, or, as to some matters, before determination of the issue on the merits."

Wyoming has a statute substantially in the language of our section 29-1808, R. R. S. 1943. In State v. Spiegel, 39 Wyo. 309, 270 P. 1064, 64 A. L. R. 289, there was presented an attack on an information made using the disjunctive "or." The court stated that some authorities hold that an information so drawn "to be fatally defective" and others hold it subject to a motion to quash. It held that the information was not fatally defective and under the statute was subject to a motion to quash. Such a motion not having been made, it was held to have been waived.

In Hagner v. United States, 285 U. S. 427, 52 S. Ct. 417, 76 L. Ed. 861, the question of the sufficiency of an indictment was raised by motion in arrest of judgment after a verdict of guilty. A statute provided that: "No indictment * * * shall be deemed insufficient, nor shall the * * * judgment * * * be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant," citing section 1025, Revised Statutes (U.S.C. Title 18, Sec. 556). This may be compared with "defects in the form of the indictment or in the manner in which an offense is charged." § 29-1808, R. R. S. 1943. The court held: "This section was enacted to the end that, while the accused must be afforded full protection, the guilty shall not escape through mere imperfections of pleading. * * * It, of course, is not the intent of § 1025 to dispense with the rule which requires that the essential elements of an offense must be alleged; but it authorizes the courts to disregard merely loose or inartificial forms of averment. Upon a proceeding after verdict at least, no prejudice being shown, it is enough that the necessary facts appear in any form, or by fair construction can be found within the terms of the indictment."

We held in Hunt v. State, *supra,* that an objection to an information may be raised for the first time on appeal where so defective that by no construction can it be

said to charge the offense for which accused was convicted. (See preceding quote.)

The criminal law of the State of Ohio "almost bodily" was adopted by the Legislature of this state in 1873. Bohanan v. State, 18 Neb. 57, 24 N. W. 390, 53 Am. R. 791; Knothe v. State, 115 Neb. 119, 211 N. W. 619.

Sections 29-1808 and 29-1810, R. R. S. 1943, remain substantially in the language of the statutes of Ohio. Section 29-1812, R. R. S. 1943, remains exactly in the same language as in the Ohio Code. § 13439-6, 13439-9, 13439-11, Schneider's Ohio Criminal Code Annotated, pp. 721, 723, and 724.

In State v. Marcinski, 103 Ohio St. 613, 134 N. E. 438, the defendant pleaded guilty to a charge in an "affidavit," in the mayor's court, of having unlawful possession of intoxicating liquor. The court of common pleas affirmed. On an error proceeding the court of appeals reversed the judgment on the ground that no offense was alleged. The state prosecuted error to the Supreme Court, contending that the defendant having pleaded guilty he could not thereafter by motion for a new trial or by proceeding in error raise the question of the sufficiency of the affidavit. The court held that the accused had the right upon a proceeding in error to challenge the legal sufficiency of the charge to state a crime.

We accordingly hold that the defendant by failing to move to quash or demur did not waive the right to raise that issue and that it may be raised in this court for the first time on appeal.

The judgment of the trial court is reversed and the cause remanded.

REVERSED AND REMANDED.