STATE OF NEBRASKA, APPELLEE, V. RICHARD L. LAYMON, APPELLANT.

474 N.W.2d 458

Filed September 13, 1991. No. 90-384.

Calvin D. Hansen for appellant.

Norman Langemach, Jr., Lincoln City Prosecutor, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

The defendant, Richard L. Laymon, was convicted of indecent exposure and fined $100 and costs by the Lancaster County Court. Upon appeal to the district court, the judgment was affirmed. The defendant has now appealed to this court, assigning as error the district court's failure to find the complaint was defective and that the evidence was insufficient as a matter of law to support the judgment.

The record shows that on August 14, 1989, James M. Barker, the assistant security director for Gateway Shopping Center in Lincoln, Nebraska, observed the defendant in the lower level men's restroom at the mall. Barker first observed the defendant standing at a urinal. After Barker washed and dried his hands, he left the restroom to report his findings to the security director.

On the security director's recommendation, Barker reentered the restroom to continue to monitor the defendant. At this time, the defendant was standing at the urinal facing the wall. Barker entered the toilet stall or booth which was directly opposite and behind the defendant. The defendant moved away from the urinal and looked through the crack near the door into Barker's stall.

When another individual entered the restroom and occupied the stall next to Barker, the defendant moved back to the urinal. A minute later, the defendant again came back and looked into Barker's stall for a few seconds and then moved over to the next stall. When the defendant came back to Barker's stall, Barker observed the defendant masturbating. According to Barker, the defendant had his pants unzipped, was holding his penis in his right hand, and was masturbating. After the defendant had continued this activity for 10 to 15 seconds, Barker left the stall, identified himself, and requested the defendant to accompany

him to the mall's security office.

Barker did not identify the other individual in the restroom, and he did not talk to him following the incident. Barker does not know whether the other individual saw the defendant.

The Lincoln police were called to the scene and the defendant was arrested. Referring to Lincoln Mun. Code § 9.52.100 (1984), the complaint charged the defendant with committing indecent exposure on August 14, 1989, in the lower level bathroom of the Gateway mall in Lincoln, Lancaster County, Nebraska.

The defendant contends the complaint filed against him failed to provide adequate notice of the charge and violated due process of law because it did not set forth the requisite elements of the offense as contained in § 9.52.100.

Section 9.52.100 states:

> **Public indecency and indecent exposure prohibited.** (a) It shall be unlawful for any person, in a public place or on private premises, and under circumstances in which he or she knows or reasonably should know that his or her conduct may readily be observed from either a public place or other private premises, (1) to perform an act of sexual penetration; (2) to fondle or caress the genitals of another person of the same or opposite sex; or (3) to intentionally or recklessly expose his or her genitals in such a manner or under such circumstances as to affront or alarm another person.

At his arraignment on August 31, 1989, the defendant entered a plea of not guilty. When questioned by the court as to whether he understood what he was charged with, the defendant replied affirmatively.

An information or complaint must allege each essential element of the crime charged, expressed in the words of the statute which prohibits the conduct charged as a crime or in terms equivalent to the statutory definition. *State v. Schaaf,* 234 Neb. 144, 449 N.W.2d 762 (1989). " '[A]n information or complaint must inform the accused, with reasonable certainty, of the charge being made against him in order that he may prepare his defense thereto and also be able to plead the judgment rendered thereon as a bar to a later prosecution for

the same offense.' " *State v. Lingle*, 209 Neb. 492, 497, 308 N.W.2d 531, 535 (1981).

When the information or complaint is questioned for the first time on appeal, it must be held sufficient unless it is so defective that by no construction can it be said to charge the offense of which the accused was convicted. *Id.* Furthermore, if the defect is amendable, it will be held sufficient on appeal absent an objection in the trial court. *Id.*

In this case, the issue as to the form of the complaint could have been raised by a motion to quash. See Neb. Rev. Stat. § 29-1808 (Reissue 1989). A defect in the manner of charging an offense is waived if, upon being arraigned, the defendant pleads not guilty and proceeds to trial, provided the information or complaint contains no jurisdictional defect and is sufficient to charge an offense under the law. *Nelson v. State*, 167 Neb. 575, 94 N.W.2d 1 (1959). Defects and omissions which pertain to the form of the complaint or information or to the fact that the information or complaint is inartfully drawn are waived by not objecting at the preliminary stages of the proceeding or, as to some matters, before determination of the issue on the merits. *Id.*

The uniform form of complaint which was used in this case is not well suited for use in charging an offense such as indecent exposure. However, the complaint in this case contains the essential allegations of the crime and informed the defendant of the charge made against him. Even if a complaint is found to be insufficient or defective, it may be amended, and the defendant in this case failed to challenge the complaint until his appeal in this court. Consequently, the defendant's assignment of error regarding the adequacy of the complaint is without merit.

The defendant's second assignment of error, regarding the sufficiency of the evidence, is also without merit.

"In determining the sufficiency of the evidence to support a finding of guilt in a criminal case, this court does not resolve conflicts in the evidence, determine the plausibility of explanations, or weigh the evidence. Those matters are for the finder of fact, whose findings must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support them."

*State v. Cortis*, 237 Neb. 97, 110, 465 N.W.2d 132, 142 (1991).

" 'On a claim of insufficiency of evidence, the Supreme Court will not set aside a guilty verdict in a criminal case where such verdict is supported by relevant evidence. Only where evidence lacks sufficient probative force as a matter of law may the Supreme Court set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt.' "

*Id*. at 110-11, 465 N.W.2d at 142.

The testimony of Barker shows that when the defendant was at the Gateway mall, a public place, and under circumstances in which he knew that his conduct could be readily observed from the toilet stall in the men's restroom, he intentionally exposed his genitals in such a manner as to affront or alarm another person.

The judgment is affirmed.

AFFIRMED.