STATE OF NEBRASKA, APPELLEE, V. WILLIAM R. BYAM, APPELLANT.
474 N.W.2d 688

Filed September 27, 1991.   No. 90-691.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Don Stenberg, Attorney General, and Donald A. Kohtz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Pursuant to verdict, defendant-appellant, William R. Byam, was adjudged guilty of robbery, in violation of Neb. Rev. Stat. § 28-324 (Reissue 1989). He assigns as error the failure of the district court to find the evidence insufficient to support the conviction. We affirm.

Section 28-324 provides, in relevant part, that one "commits robbery if, with the intent to steal, he . . . by putting in fear, takes from the person of another any money . . . ."

Byam, while in an intoxicated state, entered a fast-food restaurant at about 9:30 at night and announced that he was going to rob it. A customer said he did nothing at that time because he thought Byam was "just fooling around." Byam next declared that he was not joking and had a bomb outside, whereupon the customer, not knowing whether Byam spoke the truth, became frightened, picked up his food from the counter, and "went and sat down." According to the customer, Byam then "sat up on the counter . . . kicked his feet over, [and] stood up on the other side."

The assistant manager testified that the restaurant was busy when he noticed Byam sitting on the front counter. As the manager approached, Byam said, according to the manager's testimony, that he had planted a bomb and that there was a person across the street that would "blow the place up if he didn't get all the money, and that this was a robbery." The manager further testified that he took "a couple steps back from the counter," whereupon Byam "came across the counter and told me not to move or he'd rip my Adam's apple out." Byam said that he was serious, that he was not joking around, and that "if he didn't get all the money that the guy across the street would blow the place up." Believing Byam to be serious,

the manager became "pretty scared," confused, and unsure as to what he should do. As the manager and Byam walked into and through the lobby to get money from the safe, Byam repeated that he was not playing and that if he did not walk out of the restaurant, the place would get blown up. The manager put some money into a bag, zipped it, and gave it to Byam. As Byam left, he said, "See what drugs can do to you?"

Byam testified that on the day in question, after working and cashing his weekly paycheck, he ran an errand, went to a bar, and, being an alcoholic, got drunk. He testified he knows nothing of the events about which he heard at the trial.

A bar owner testified that at some time during the evening in question, he had asked Byam to leave the bar because Byam was being loud.

This case is controlled by the oft-repeated, but apparently not yet universally believed, rule that in determining the sufficiency of the evidence to support a finding of guilt in a criminal case, this court does not resolve conflicts in the evidence, determine the plausibility of explanations, or weigh the evidence, such matters being for the finder of fact, whose findings must be sustianed if, taking the view most favorable to the State, there is sufficient evidence to support them. *State v. Laymon*, *ante* p. 80, 474 N.W.2d 458 (1991).

To argue under the state of the record in this case that because Byam displayed no weapon the jury could not reasonably conclude the manager was put in fear is, in a word, preposterous.

AFFIRMED.