STATE OF NEBRASKA, APPELLEE, V. MICHAEL E. MILLER, ALSO KNOWN AS MICHAEL EUGENE MILLER, APPELLANT.

562 N.W.2d 851

Filed April 15, 1997.    No. A-96-099.

Michael E. Miller, pro se.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HANNON, SIEVERS, and MUES, Judges.

MUES, Judge.

Michael E. Miller was convicted by a jury of three counts of forgery in the second degree. Through a second motion for post-conviction relief, Miller asked the district court for Douglas County to overturn the guilty verdicts for counts II and III of forgery in the second degree. The district court denied Miller's motion without an evidentiary hearing, and he now appeals to this court.

## PROCEDURAL HISTORY

On July 29, 1993, Miller was charged in an information with three counts of forgery in the second degree in an amount over $300, a Class III felony, in violation of Neb. Rev. Stat. § 28-603 (Reissue 1995). Counts I, II, and III of the information alleged that

> on or about the 19th day of July, 1993, MICHAEL E. MILLER . . . with intent to deceive or harm, did then and there falsely make, complete, endorse, alter or utter a written instrument with a face value of $300.00 or more, which was or purported to be, or which was calculated to become or to represent if completed, a written instrument which does or may evidence, create, transfer, terminate, or otherwise affect a legal right, interest, obligation or status[.]

For each count, there was included a photocopy of the check Miller was alleged to have cashed. On the day trial was scheduled to commence, May 19, 1994, the State amended the information to include an additional charge of habitual criminal (count IV) under Neb. Rev. Stat. § 29-2221 (Cum. Supp. 1994). At the time the State amended the information, it omitted the allegation "with intent to deceive or harm" in counts II and III. Miller waived the formal reading and 24-hour service of the amended information, and jury selection began. Trial was held

May 19 and 20, and Miller was found guilty on all three counts of forgery.

Following trial, Miller was assigned new counsel and appealed to this court alleging that there was insufficient evidence to convict, his trial counsel rendered ineffective assistance, and he was given excessive sentences. After reviewing the record, we affirmed the convictions. See *State v. Miller*, 95 NCA No. 18, case No. A-94-801 (not designated for permanent publication).

On September 29, 1995, Miller filed a motion for postconviction relief, requesting an evidentiary hearing and requesting that the convictions for counts II and III be set aside or, alternatively, that he be granted a new trial on those counts. Miller alleged that his constitutional right to due process was violated because counts II and III of the amended information omitted essential elements necessary to charge a crime. Miller also claimed that his constitutional right to effective assistance of counsel was denied because both his trial counsel and appellate counsel failed to discover this error.

The district court found that this was Miller's second request for postconviction relief and stated that Miller's first motion had been overruled because the allegations in it were similar to those in Miller's direct appeal. In denying Miller's current postconviction relief motion, the court noted that Miller did not appeal that ruling. Consequently, the district court held that Miller was procedurally barred from raising the issue of the defective information because the error could have been discovered at the time Miller filed his first motion for postconviction relief.

The court further found that the original information included the language "with intent to deceive or harm" in both counts II and III and determined that the omitted allegation was the result of a scrivener's error. The court reasoned that if the error had been raised at trial, presumably the prosecution would have requested, and been granted, leave to amend counts II and III to include the omitted language. Additionally, the court observed that the jury had been properly instructed on each essential element of the offenses. Thus, although the district court found that Miller's counsel had been deficient in failing to

discover the defect, it concluded that Miller suffered no prejudice as a result. Accordingly, the court denied Miller's motion without an evidentiary hearing and he filed a timely appeal to this court.

## RULES OF PRACTICE AND PROCEDURE

Before proceeding further, we point out that the Nebraska Supreme Court and Court of Appeals rules of practice and procedure provide that the brief of an appellant shall contain, among other things, the following:

> A separate, concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error. Each assignment of error shall be separately numbered and paragraphed, bearing in mind that consideration of the case will be limited to errors assigned *and discussed*. The court may, at its option, notice a plain error not assigned.

(Emphasis supplied.) Neb. Ct. R. of Prac. 9D(1)d (rev. 1996).

## ASSIGNMENTS OF ERROR

Of the errors assigned, those that were actually discussed in Miller's brief can be restated as follows: The district court erred in not granting an evidentiary hearing on Miller's second motion for postconviction relief because the amended information failed to allege the element of "intent to deceive or harm" in counts II and III, and Miller received ineffective assistance of counsel at trial and on direct appeal because both counsel failed to challenge the sufficiency of the amended information.

## STANDARD OF REVIEW

A court is not required to grant an evidentiary hearing on a motion for postconviction relief which alleges only conclusions of law or fact; nor is an evidentiary hearing required under the Nebraska Postconviction Act when (1) the motion for postconviction relief does not contain sufficient factual allegations concerning a denial or violation of constitutional rights affecting the judgment against the movant, or (2) notwithstanding proper pleadings of facts in a motion for postconviction relief, the files and records in the movant's case do not show a denial or violation of the movant's constitutional rights causing the judgment

against the movant to be void or voidable. *State v. Schoonmaker*, 249 Neb. 330, 543 N.W.2d 194 (1996).

An appellate court is compelled to accept jurisdiction when the sentence entered by the trial court is invalid due to plain error in the proceedings. *State v. Ryan*, 249 Neb. 218, 543 N.W.2d 128 (1996). Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *State v. Veiman*, 249 Neb. 875, 546 N.W.2d 785 (1996); *State v. Dawn*, 246 Neb. 384, 519 N.W.2d 249 (1994).

## ANALYSIS

*Procedural Bar.*

We first address the State's contention that Miller is procedurally barred from bringing this second motion for postconviction relief because Miller could have raised both issues in his first postconviction relief motion. Although generally an appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion, *State v. Williams*, 247 Neb. 931, 531 N.W.2d 222 (1995), the Supreme Court has held that when an information is insufficient to charge a crime, the issue may be raised at any time as plain error, see *State v. Hall*, 249 Neb. 376, 543 N.W.2d 462 (1996). Accordingly, we must analyze Miller's claim that the amended information was insufficient to charge him with a crime.

*Sufficiency of Amended Information.*

An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. *State v. Parmar*, 249 Neb. 462, 544 N.W.2d 102 (1996); *State v. Russell*, 248 Neb. 723, 539 N.W.2d 8 (1995); *State v. Marchese*, 245 Neb. 975, 515 N.W.2d 670 (1994).

Miller claims that the amended information was insufficient to charge a crime because it failed to allege that Miller had committed the offenses "with intent to deceive or harm."

Resolution of these issues necessarily raises aspects of the constitutional guarantees of due process and protection against double jeopardy . . . . See, Neb. Const. art. I, §§ 3, 11, and 12; U.S. Const. amend. V and amend. XIV, § 1.

Regarding constitutional considerations of due process and the prohibition against double jeopardy, the function of an . . . information . . . is twofold. With reasonable certainty, an . . . information . . . must inform an accused concerning the crime charged so that the accused may prepare a defense to the prosecution and, if convicted, be able to plead the judgment of conviction on such charge as a bar to a later prosecution for the same offense.

*State v. Wehrle,* 223 Neb. 928, 930, 395 N.W.2d 142, 144-45 (1986).

■ The purpose of an information is to " 'advise the accused of the nature and cause of the accusation against him in order that he may meet the accusation and prepare for his trial and that, after judgment, he may be able to plead the record and judgment in bar of further prosecution for the same offense.' " (Emphasis omitted.) *State v. Martinez,* 250 Neb. 597, 599, 550 N.W.2d 655, 657 (1996) (quoting *Bartell v. United States,* 227 U.S. 427, 33 S. Ct. 383, 57 L. Ed. 583 (1913)). See, also, *State v. Grimes,* 246 Neb. 473, 485, 519 N.W.2d 507, 516 (1994) (stating that "[i]t is this purpose which is paramount").

The Supreme Court was faced with the issue of an information that failed to allege an element of an offense in *Nelson v. State,* 167 Neb. 575, 94 N.W.2d 1 (1959). In that case, the defendant was charged with forgery. The charging information omitted the terms "knowing the same to be forged." On appeal, the Supreme Court observed, " 'To charge a statutory offense, the information or complaint must contain a distinct allegation of each essential element of the crime as defined by the law creating it, either in the language of the statute or its equivalent. . . .' " *Id.* at 578, 94 N.W.2d at 4 (quoting *Dutiel v. State,* 135 Neb. 811, 284 N.W. 321 (1939)). Accordingly, the Supreme Court found that the omission rendered the information fatally defective. See, also, *Barton v. State,* 111 Neb. 673, 197 N.W. 423 (1924); *Newby v. State,* 75 Neb. 33, 105 N.W. 1099 (1905).

In subsequent cases, the Supreme Court began to depart from a per se rule and began examining the specific facts of a case to determine whether a charging document was constitutionally sufficient. In *State v. Haile*, 185 Neb. 421, 176 N.W.2d 232 (1970), the defendant was charged with abusing an officer. The defendant alleged that the charging complaint was fatally defective because it failed to allege that the offense had been committed within the Grand Island city limits. The court observed that the complaint alleged that the offense occurred in Hall County, Nebraska, and further alleged that the offense occurred while the officer was in the execution of his office, of the Grand Island Police Department. The court further observed that the jury was properly instructed that the State was required to prove that the crime occurred in the city of Grand Island. The court found that the defendant was fully apprised of the offense charged, and stated:

> Even if the complaint be regarded as insufficient or defective, it was amendable at any stage of the proceedings in the district court, but would not support a challenge for the first time on appeal.
>
> . . . [I]f a defect is amendable, [the complaint] will be held sufficient on appeal in the absence of objection in the trial court.

*Id.* at 423-24, 176 N.W.2d at 234. See, also, *State v. Lingle*, 209 Neb. 492, 308 N.W.2d 531 (1981).

In *State v. Last*, 212 Neb. 596, 324 N.W.2d 402 (1982), the Supreme Court again looked to the specific facts to determine whether the defendant was apprised of the charge against her. In *Last*, the information charged the defendant with attempted robbery, however, it omitted the words "with intent to steal." During trial, the State moved to amend the information to include the omitted language. Over objection, the trial court permitted the amendment. On appeal, the defendant argued that the trial court erred in permitting the amendment because the omission of the words "with intent to steal" rendered the original information fatally defective. The Supreme Court held that the original information was not fatally defective in that the defendant was sufficiently apprised of the elements of the

offense because of the information's reference to attempted robbery. The court stated:

> By alleging that Last had attempted to commit the crime of robbery, as defined by statute, the information of necessity included all the elements of the crime of robbery. . . .
>
> . . . [W]hile the information did not detail all the elements making up the crime of robbery, the statute defined the elements by providing that the word "robbery" meant taking money or personal property of any value from another when the taking was forcible or by violence or by putting in fear and with the intent to steal. While there may be sections of the Nebraska Criminal Code which would require a more definite statement in order to more fully advise the accused of the nature of the crime, robbery is not one of them. By charging Last with attempted robbery, the State obligated itself to prove beyond a reasonable doubt all the necessary elements of § 28-324, including the fact that there was an intent to steal. Adding the words "with intent to steal" did not change the offense from that which had been [originally] charged . . . .

212 Neb. at 600-01, 324 N.W.2d at 405.

Likewise, in *State v. Laymon*, 239 Neb. 80, 474 N.W.2d 458 (1991), the Supreme Court again found that a complaint's reference to a statute sufficiently apprised the defendant of the elements of the crime. The defendant had been charged with committing indecent exposure. The complaint gave the date and location but did not include the elements of the crime. The Supreme Court observed:

> The uniform form of complaint which was used in this case is not well suited for use in charging an offense such as indecent exposure. However, the complaint in this case contains the essential allegations of the crime and informed the defendant of the charge made against him. Even if a complaint is found to be insufficient or defective, it may be amended, and the defendant in this case failed to challenge the complaint until his appeal in this court. Consequently, the defendant's assignment of error regarding the adequacy of the complaint is without merit.

*Id.* at 83, 474 N.W.2d at 460.

"Constitutional provisions require that a defendant be convicted by due process of law, that he be charged in writing either by indictment or information, and that the accused shall have the right to demand the nature and cause of accusation and to have a copy thereof. This does not mean that detailed particulars of the crime must be stated in the information or indictment in the meticulous manner prescribed by the common law. The trend is in the direction of simplification of statement and the elimination of technical formalities. . . . Due process of law requires only that the accused be given sufficient notice of the nature of the charge against him in order that he may prepare a defense and plead the judgment as a bar to any subsequent prosecution for the same offense."

. . . .

. . . "If the information or indictment apprises the defendant with reasonable certainty of the accusation against him so that he may prepare his defense and plead the judgment as a bar to a subsequent prosecution for the same offense, it meets the fundamental purposes of an information or indictment, as well as constitutional requirements."

*State v. Piskorski*, 218 Neb. 543, 545-46, 357 N.W.2d 206, 209 (1984) (quoting *Cowan v. State*, 140 Neb. 837, 2 N.W.2d 111 (1942)). See, also, *State v. Martinez*, 250 Neb. 597, 550 N.W.2d 655 (1996); *State v. Case*, 4 Neb. App. 885, 553 N.W.2d 173 (1996).

In the present case, Miller was originally advised of the charges against him almost a year before the information was amended. The original information included all of the elements of forgery in the second degree, and, in fact, Miller does not contend that there were any deficiencies in the original information.

On the day trial was scheduled to begin, the State amended the information to include the charge of habitual criminal. Prior to Miller's waiving the formal reading of the amended information, the court advised Miller that "Count I charges forgery in the second degree, and Count II charges forgery in the second degree, and Count III charges forgery in the second degree. And . . . the fourth count is a new count. And that fourth count is

what's called an habitual criminal charge . . . ." Nebraska's second degree forgery statute, § 28-603, provides:

> (1) Whoever, with *intent to deceive or harm*, falsely makes, completes, endorses, alters, or utters any written instrument which is or purports to be, or which is calculated to become or to represent if completed, a written instrument which does or may evidence, create, transfer, terminate, or otherwise affect a legal right, interest, obligation, or status, commits forgery in the second degree.

(Emphasis supplied.) Thus, although the amended information failed to enumerate all the elements in counts II and III, Miller was sufficiently apprised of the charges against him by both the original information and the reference to the statute. Additionally, count I of the amended information alleged all the necessary elements. Miller has not contended that he was unable to prepare his defense or that he will be unable to plead the judgment as a bar to later prosecution. Indeed, Miller knew that "intent to deceive or harm" was an element of the crime charged and was not misled, surprised, or prejudiced in his preparation for trial, as evidenced by the following statements made by Miller's counsel when he moved for a directed verdict:

> The defendant's charge in this case of three counts of violating Section 28-603 that reads in part, "Whoever with intent to deceive or harm falsely makes, utters or basically passes a check." There's certainly no question that Mr. Miller passed this check on at First Westside Bank; however, I think there's — the State's case is lacking on proving any intent to deceive or harm.

The amendment to the information did not alter the burden of the State to prove beyond a reasonable doubt each essential element of the crime of forgery in the second degree. The trial court read the applicable statute to the jury, and for *each count* of forgery in the second degree, the court instructed the jury on each element the State was required to prove. The court also gave a separate instruction on intent.

Miller directs our attention to recent Supreme Court decisions which have held that the failure to allege an essential element of the crime is plain error and renders the information fatally defective. See, *State v. Randall*, 249 Neb. 718, 545

N.W.2d 94 (1996); *State v. Hall*, 249 Neb. 376, 543 N.W.2d 462 (1996); *State v. Barfoot*, 248 Neb. 335, 534 N.W.2d 572 (1995); *State v. Ladig*, 246 Neb. 542, 519 N.W.2d 561 (1994); *State v. Manzer*, 246 Neb. 536, 519 N.W.2d 558 (1994); *State v. Grimes*, 246 Neb. 473, 519 N.W.2d 507 (1994).

In essence, Miller's argument is that these cases manifest the Supreme Court's intention to eliminate an examination of the facts of the case and revert back to a per se rule. We are not inclined to agree. In each of the cases cited above, the defendant was charged with second degree murder and the information failed to allege that the defendant had committed the murder "with malice." The so-called "malice cases" are unique in that Nebraska's second degree murder statute does not enumerate malice as a necessary element, see Neb. Rev. Stat. § 28-304 (Reissue 1995), but the Supreme Court has held that malice is an essential element of the crime. See, *State v. Randall, supra*; *State v. Hall, supra*; *State v. Barfoot, supra*. Consequently, the Supreme Court has said that the omission of the allegation of malice in an information charging a defendant with second degree murder renders the information invalid. Presumably, this is so because by no construction can it be said that the information apprised the defendant of the charges against him, as required by both the Nebraska and federal Constitutions.

This is far different from the present case, wherein Miller was properly informed of the elements of the offenses by both the original information and the statute. An information first questioned on appeal must be held sufficient unless it is so defective that by no construction can it be said to charge the offense of which the accused was convicted. *State v. Lingle*, 209 Neb. 492, 308 N.W.2d 531 (1981); *State v. Martinez*, 4 Neb. App. 192, 541 N.W.2d 406 (1995). A defendant should not be allowed to await the outcome of a trial before contesting deficiencies in charging documents which could easily have been corrected if they had been pointed out before trial. For the foregoing reasons, we find the amended information was constitutionally sufficient.

*Ineffective Assistance of Counsel.*

We next address Miller's claim that both his trial counsel and his appellate counsel were ineffective.

To sustain a claim of ineffective assistance of counsel as a violation of the Sixth Amendment to the U.S. Constitution and thereby obtain reversal of a defendant's conviction, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Schoonmaker*, 249 Neb. 330, 543 N.W.2d 194 (1996); *State v. Ryan*, 248 Neb. 405, 534 N.W.2d 766 (1995); *State v. Clausen*, 247 Neb. 309, 527 N.W.2d 609 (1995).

An appellate court need not address the two prongs of the test if it is easier to dispose of the ineffectiveness claim on the ground of lack of sufficient prejudice. *State v. Reichert*, 242 Neb. 33, 492 N.W.2d 874 (1992).

Miller's claim of ineffective assistance of counsel is based solely on his contention that the omission of "with intent to deceive or harm" rendered the information fatally defective. As discussed above, the information was not fatally defective. Accordingly, we find that Miller was not prejudiced by counsel's failure to discover the omission.

## CONCLUSION

Because Miller failed to allege facts which show a violation of his constitutional rights, he was not entitled to an evidentiary hearing. Accordingly, the decision of the district court is affirmed.

AFFIRMED.